**Lillian M. HARTING, Administratrix of the Estate of Kenneth M. Harting, Deceased, Plaintiff in Error,**

**v.**

**BENHAM ENGINEERING COMPANY, Inc., an Oklahoma corporation, Defendant in Error.**

**No. 42869.**

Court of Appeals of Oklahoma, Division No. 2.

March 22, 1971.

Rehearing Denied April 15, 1971.

Certiorari Denied Oct. 15, 1971.

Jack B. Sellers, Sapulpa, Swank & Swank, Stillwater, Joe A. Moore, Memphis, Tenn., of counsel, for plaintiff in error.

Pierce, Duncan, Couch & Hendrickson, Foliart, Shepherd & Mills, Oklahoma City, for defendant in error.

BACON, Judge.

Plaintiff in error, Lillian M. Harting, brought this suit for damages for the wrongful death of her husband, against Benham Engineering Company, Inc. The correct party defendant should have been Benham Engineering Company and Affiliates, a co-partnership. The trial court denied plaintiff's request to substitute Benham Engineering Company and Affiliates (Partnership) for Benham Engineering Company, Inc., (Corporation), and such denial is plaintiff's sole complaint of error.

Partnership had a contract with the city of Stillwater to act as design engineer and construction supervisor of a sewer outfall project. Plaintiff alleges that her decedent was killed on February 18, 1964, when a ditch on the project collapsed as a result of negligence in failing to require proper shoring of the ditch. Plaintiff's attorney acquired a copy of the contract between Partnership and the City of Stillwater in early 1964. The contract bore the name of Partnership which plaintiff's attorney discovered was an Oklahoma City firm. He looked in the Oklahoma City telephone directory and found the only reference to Benham Engineering Company was on Northeast 23rd Street in Oklahoma City, the same address as on the contract. He then inquired of the District Court Clerk of Oklahoma County whether a statutory certificate of fictitious name had been filed by Partnership. The clerk informed him there was nothing filed that had any name involving the words "Benham Engineering Company." He then inquired from the Secretary of State as to the corporate information on "Benham Engineering Company." The Secretary of State records disclosed "Benham Engineering Company, Inc. formerly Benham Eastern Engineering Company, registered agent: David B. Benham, 215 N.E. 23rd Street, Oklahoma City, Oklahoma." The attorney then made inquiry of the Franchise Tax Division of the Oklahoma Tax Commission concerning "Benham Engineering Company." That agency had letters showing: Benham Engineering Company, whose president and service agent was David B. Benham, 215 N.E. 23rd Street, Oklahoma City, Oklahoma. The attorney then went to that address and found the name on the building to be "Benham Engineering Company" without any reference to the word "Affiliates."

Following this diligent effort to discover the correct name of the Stillwater contractor, plaintiff filed suit against Corporation on September 3, 1965, some eighteen

months after plaintiff's decedent's death. Corporation filed a motion to quash which was sustained. After being served with alias summons, Corporation began filing dilatory motions and a demurrer. None of these motions or the demurrer raised the issue of Corporation being an improper party. Partnership was represented by the same attorneys as Corporation. On January 18, 1966, one month before the statute of limitations ran, one of the attorneys for defendant sent plaintiff's attorney a letter with a stipulation and a copy of the contract attached. The letter said in part "I also attach a copy of the Agreement between *Benham Engineering Company* and the City of Stillwater. I don't have any extra copies of the specifications referred to in Paragraph II of the proposed Stipulation but feel sure that I can secure such a copy." (Emphasis ours) The letter shows a copy was sent to all other attorneys involved in this suit. There was nothing in the stipulation concerning Corporation being the wrong party defendant.

On May 6, 1966, approximately two and one-half months after the statute of limitations ran, defendant's attorneys advised plaintiff's attorney that Corporation was not a party to the contract and thus plaintiff sued the wrong defendant. The plaintiff requested the trial court to withhold ruling on motions then pending until he could take the deposition of David B. Benham, which plaintiff did. On June 26, 1967, plaintiff filed her motion to amend her petition by substituting Partnership for Corporation. The same day Corporation filed a motion for summary judgment. The plaintiff then sent a copy of the motion to amend by substituting Partnership for Corporation to Partnership by certified mail. On August 31, 1967, the trial court sustained Corporation's motion for summary judgment. The trial court held it had no jurisdiction over Partnership without issuance of process and denied plaintiff's motion to amend by substituting a party defendant.

■ Plaintiff does not complain of any erroneous ruling by the trial court as to Corporation. Therefore the issue we must decide is: Can plaintiff substitute Partnership for Corporation? We think she can.

It is quite apparent that Partnership, through Corporation, used dilatory motions and pleas as though Corporation was correctly sued, to mislead plaintiff and delay her cause until after the statute of limitations ran on the cause of action against Partnership. Otherwise, no reason appears why Corporation would not have promptly filed a proper motion to be dismissed from the lawsuit. Obviously the unnecessarily prolonged ostensible "representation" of Corporation was effectively inuring to the benefit of Partnership until the time the statute of limitations would run. 54 C.J.S. Limitations of Actions § 277, p. 317 describes the consequences of such conduct this way:

> "Where a corporation, knowing itself to be the wrongdoer which plaintiff intended to sue, answers ostensibly for a corporation mistakenly sued, *the statute of limitations will cease to run from the time the real defendant appears and answers in the name of the nominal defendant.*" (Emphasis ours)

We are of the opinion that Partnership did appear and pled ostensibly in the name of Corporation. We recognize the rule that Corporation ordinarily would be under no duty to inform the plaintiff that the wrong defendant had been sued. However, here is a case where the president and service agent of Corporation is one and the same as the senior partner and service agent of Partnership. In appearing ostensibly for Corporation, the attorneys apparently were wanting the exact results to take place that ultimately did, that is, to have the statute of limitations run as to Partnership before raising the issue. In reviewing the plaintiff's petition, we find that in no conceivable way could the attorneys for the defendants claim that the petition was addressed to the acts of Corporation rather than Partnership.

Plaintiff argues that it is a case of misnomer while defendants argue it is one of

substitution of new parties because Corporation and Partnership are two legal entities.

We do not believe under the facts of this case that the result will be any different, be it a case of misnomer or of substitution. If it is a misnomer, then the right defendant was sued by a wrong name, and certainly the amendment would be allowed. O. K. Butler Const. Co. v. Bentley, 205 Okl. 225, 237 P.2d 886 (1951); Russell v. American Rock Crusher Company, 181 Kan. 891, 317 P.2d 847 (1957). If the case is not one of misnomer as defendants contend, then the facts bring it within the exception to the general rule against substituting a new defendant after the statute of limitations has run. Both plaintiff and defendants agree the controlling statute in this case is 12 O.S.1961, § 317, to-wit:

> "The court, may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform, in any respect, to the provisions of this code, the court may permit the same to be made conformable thereto by amendment."

In arguing that the statute of limitations bars a substitution of defendants, the defendants argue at length in this case that it was inexcusable neglect for the plaintiff not to have timely discovered her error, since the contract itself gave the true name of Partnership. The defendant's attorneys apparently anticipated a no notice defense by plaintiff and to head it off mailed a copy of the contract to plaintiff's attorney one month before the statute of limitations ran. We note, however, the phrase "and Affiliates" was never used by the defendants in all their pleadings or correspondence until after the statute of limitations would have expired. The cover letter to which the contract was attached, referred to "a copy of the Agreement between *Benham Engineering Company* and the City of Stillwater." (Emphasis ours) Defendant argues in this regard that the plaintiff had a copy of the contract since early 1964 and but for his inexcusable neglect he could have discovered the mistake. However, it cannot be overlooked that plaintiff's attorney made a diligent search to ascertain if Partnership name on the contract was any different from Corporation plaintiff sued. We do not consider such a search by the plaintiff's attorney inexcusable neglect. Defendants' subsequent acts created no reason for plaintiff's attorney to again inquire about a different entity when he received the copy of the contract from the attorneys one month prior to the statute of limitations running. We rather think it was inexcusable for Corporation to have misleadingly pled in the case for several months without once complaining that the wrong defendant had been sued. We therefore find no merit in defendants' argument that plaintiff was guilty of inexcusable neglect. In Seitz v. Jones, Okl., 370 P.2d 300 (1962) the court said:

> "The legislative policy in prescribing a period of limitations for the commencement of actions may well be borne in mind. *The statute of limitations is a statute of repose,* enacted as a matter of public policy to fix a limit within which an action must be brought, or the obligation is presumed to have been paid, *and is intended to run against those who are neglectful of their rights, and who fail to use reasonable and proper diligence in the enforcement thereof. The underlying purpose of statutes of limitations is to prevent the unexpected effort at enforcement of stale claims* concerning which persons interested have been thrown off their guard by want of prosecution for a long time." (Emphasis ours)

The record shows plaintiff was not neglectful of her rights nor did her attorney fail to use reasonable and proper diligence. It cannot be said the defendants were

thrown off guard by an unexpected effort to enforce a stale claim. Defendants were totally aware of the claim and who the true defendant was from the time David B. Benham was served with a summons. It therefore follows, that the statute of limitations was tolled when the suit was filed under the facts presented. This conclusion complies with the intent and purpose of the limitations statute, particularly in view of the unusual facts in this case, and the actions of the parties, prior to when the statute of limitations would otherwise have run.

In Doyle v. Oklahoma Press Pub. Co., 206 Okl. 254, 242 P.2d 155 (1951), the court said:

> "Wherever possible, great latitude should be allowed in the amendment of pleadings in order to save the cause of action from suffering the bar of the statute of limitation."

If the amendment does not set forth a new cause of action or change the defense under § 317, supra, then it relates back to the filing of the original petition and the statute of limitations cannot be involved. Weston v. Acme Tool, Incorporated, Okl., 449 P.2d 887 (1969). Certainly under the present facts, the cause of action would not be changed by the amendment. In determining whether a different cause of action is introduced by the amendment, "nothing more is meant than that the defendant shall not be required to answer a wholly different legal liability or obligation from that originally stated." Doyle v. Oklahoma Press Pub. Co., supra, and Jones v. Redford, Okl., 449 P.2d 890 (1969).

Defendants assert that under § 317 the amendment would substantially change the defense and should therefore not be allowed on the theory that it would deny Partnership its rightful defense of the statute of limitations, citing Wyckoff v. Bennett, 191 Kan. 180, 380 P.2d 332 (1963), as authority. The facts of that case make it clearly distinguishable from the case before us. There, the plaintiff sued thirteen days before the statute of limitations ran. After the statute ran, plaintiff discovered his error, and the court refused to substitute the real defendant. In Wyckoff, the court allowed the defense of the statute of limitations, since no pleadings were due, nor were any filed by the defendant prior to when the statute of limitations ran. In the present case however, Partnership did constructively appear and pled ostensibly in the name of Corporation prior to the statute of limitations running. Therefore, Wyckoff would not be authority under the facts in the present case.

Defendants also cite Mitchell v. Hines, 101 Okl. 38, 223 P. 182 (1924). This case is also distinguishable from the present case. In Mitchell, the court denied substitution of defendants when it appeared during the trial that the acts of negligence complained of occurred while under the control of an individual who was not a party to the suit. The real defendant had taken no part in the proceedings. The court did say however,

> "It is well settled that amendments to pleadings are largely within the discretion of the trial court. To authorize a reversal of a judgment because an amendment was not allowed, it must appear that there was an abuse of judicial discretion."

Certainly these cases do not support the argument that Partnership in the present case would be denied its rightful defense of the statute of limitations when its own control of the case from the beginning was designed to create the defense. Both Partnership and Corporation had a common owner, namely, Mr. Benham, the ultimate beneficiary of the defense. Certainly one may by his acts or conduct waive the defense. Safeway Stores, Inc. v. Wilson, 190 Kan. 7, 372 P.2d 551 (1962). We think he did in this case.

We therefore hold that the statute of limitations is not a bar to the substitution of Partnership for Corporation under the facts of this case.

We must now decide whether the trial court erred in finding that it had no jurisdiction over Partnership without issuance of process and service of summons.

Neither party to this action cite any authority for or against substitution of a party without issuance and service of process. It is apparent that under 12 O.S.1961 § 317,

"*The court, may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding* * * *." (Emphasis ours)

In Maben v. Norvell, Okl., 328 P.2d 425 (1958), the court said, "The discretion allowed by the above section (12 O.S. § 317) is to enable the court to ascertain and administer justice." We therefore find that it is a matter left entirely to the discretion of the trial court, as to what terms may be proper in the furtherance of justice in allowing an amendment in a particular case. See also Mitchell v. Hines, supra.

67 C.J.S. Parties § 78, page 1048, states,

"A person whom it is proper or necessary to bring into the action as a new party may, under some provisions, *be brought in by an amended or supplemental pleading,* or by a supplemental petition and a new summons, or by amendment of the summons and complaint * * * *Thus the complaint or petition may be amended to bring in a new party as plaintiff or defendant; and, under some provisions, plaintiff can bring in new parties defendant, after filing his original petition, only by filing an amended original petition.*" (Emphasis ours)

67 C.J.S. Parties § 80 g, page 1060, says:

"Under other statutes, however, it is only necessary to serve a new party defendant with a copy of the order of the court requiring him to show cause why he should not be made a party; *it is not necessary that formal process be issued and served on him,* nor is it necessary to serve him with a copy of the proceedings in the case prior to the time he is made a party." (Emphasis ours)

We believe that 12 O.S. § 317 would permit the trial court's discretion to allow substitution of Partnership without further service under the facts of this case. All parties were present when the court made its ruling. Notice is the only purpose of a summons, and this, Partnership has had.

In the case of DeSantis v. Angelo Merlino and Sons, Inc., 71 Wash.2d 222, 427 P.2d 728 (1967), the court held,

"Because of the harshness of this rule, (against substituting a defendant after the limitations statute has run) where the *party substituted has actual knowledge of the claim against it, an exception* in favor of relation back, both as to plaintiff and defendant, is recognized when the new and old parties have a sufficient identity of interest so that it can be assumed, or proved, that relation back is not prejudicial." (Emphasis ours)

In DeSantis,

"Plaintiff's original complaint denominated, as defendant, Angelo Merlino and his wife, doing business as Merlino Pure Food Products Company, a proprietorship. In fact, Angelo Merlino was [sic] only a vice-president and 5 per cent stockholder in the defendant corporation. Merlino, however, accepted service and notified the corporation and its insurance company of the claim. On advice of counsel, obtained by the insurance carrier for Merlino, he elected to await the running of the statute of limitations before notifying the plaintiff of the mistake made in the description of the parties."

In discussing Adams v. Beland Realty Corp., 187 F.Supp. 680 (E.D.N.Y.1960) where mandamus to compel vacation of a substitution order denied in Hirsch v. Bruchhausen, 284 F.2d 783 (2nd Cir. 1960), the Washington court said,

"We believe, however, the reasoning for the exception in the cited case, * * * to be sound, especially as it applies to the facts of the instant case. Here, counsel for the individual Merlino was obtained by the insurance company *and was before the court for the purpose of*

*protecting the interests of the corporation as well, which he also represented. The fact that all of the parties defendant had actual knowledge of the claim emphasizes the necessity for our adoption of the exception, for no prejudice to the substituted party could result from its application; and to hold otherwise would be to sanction manifest injustice."* (Emphasis ours)

In the Hirsch case, supra, the court substituted a partnership in place of a corporation *without new service.* The corporation defended the action in its own name, although it had been previously dissolved, until expiration of limitations period and *the partnership had continuously participated* in the proceedings, so that it had notice of the action and was before the court. It was held the court could order amendment substituting the partners as parties defendant, *without service,* without inflicting prejudice on them. (Emphasis ours) The court said:

"The obvious lack of any real prejudice to them makes issuance of the writ an act of supererogation."

Because of the actions on the part of the defendants in the present case, we fail to see where their argument has any merit. Here, it is obvious that Partnership had actual knowledge of the claim against it, because the party served was David B. Benham, senior partner of Partnership and also president of Corporation, as well as service agent for both, and because of this, Partnership participated in defending in the name of Corporation until the expiration of the statute of limitations.

We therefore hold that the issuance and service of process under the facts in this particular case is not necessary and that under 12 O.S.1961 § 317, the trial court abused its discretion in denying plaintiff's motion to amend by substituting Partnership for Corporation.

Justice requires the judgment appealed from be reversed and the cause remanded to the trial court with directions to vacate the order denying plaintiff's motion to amend, and to permit the plaintiff to file her amended petition and direct Benham Engineering Company and Affiliates to answer or plead to the amended petition of the plaintiff within twenty days from the receipt thereof.

It is so ordered.

BRIGHTMIRE, P. J., and NEPTUNE, J., concur.