Monte WEAVEL, an individual and natural father of Shannon Eileen Weavel, a minor deceased, and natural father of Kelli Lauren Weavel, a minor, Appellant,

v.

UNITED STATES FIDELITY & GUARANTY COMPANY, a foreign insurance company, Appellee,

and

Jim Colbert Golf, Inc., a Nevada Corporation d/b/a Meadowbrook Country Club; and Joe Allen Patterson, an individual, Defendants.

Nos. 78402, 78826.

Court of Appeals of Oklahoma,
Division 3.

Dec. 29, 1992.

Rehearing Denied Feb. 23, 1993.

Certiorari Denied May 4, 1993.

Glenn R. Beustring, E. Diane Hinkle, and, Margaret J. Lowery, Tulsa, for appellant.

Joseph R. Farris, Jody R. Nathan, and Robert S. Durbin, Tulsa, for appellee.

OPINION

HANSEN, Vice–Chief Judge:

Appellant Monte Weavel, who brought this wrongful death and personal injury action individually and as a natural father of minor children, seeks review of the trial court's order denying his Motion to Reconsider and/or Motion for New Trial. The underlying trial court order granted Appellee's Motion to Dismiss Appellant's Petition. We affirm.

In support of its Motion to Dismiss in the trial court, Appellee asserted there had already been an action filed involving the claims and parties to this action, and further argued that the trial court could not exercise jurisdiction because the person legally entitled to pursue the claims alleged here, had filed the other action.

This matter arose out of an automobile accident on October 5, 1990, in which one of Appellant's minor children, Shannon Eileen, was killed and his other child, Kelli Lauren, was injured. The children were at the time riding with their maternal grandmother, who was also killed. Neither Appellant nor the childrens' mother, Susan Weavel, were involved in the accident.

Defendant Patterson was the driver of the other automobile in the accident. It is alleged defendant Country Club had served intoxicating liquors to Patterson while he was intoxicated, resulting in the injury and death. The cause of action against Appellee insurance company is grounded in the

underinsured coverage of the automobile in which the children were riding.

Appellant and Susan Weavel were in the process of being divorced at the time of the accident. The petition in divorce was filed in May 1990, and the divorce was finalized on October 26, 1990. Susan Weavel had been granted temporary custody of the children pending final decree.

On October 10, 1990, Susan Weavel petitioned to be appointed personal representative of her daughter's estate.[1] On October 24, 1990, she filed a civil action which, as amended, substantially alleged the same claims against the same defendants as are found in the present case.[2]

Susan Weavel's Petition in the civil action was filed in her individual capacity, and as natural mother and next of kin of the children. Appellant was not expressly made a party to Susan's civil action, either as an individual or a member of an interested class, and his damages were not alleged.

Appellant filed his Petition in the present action in May 1991. Appellee filed its Motion to Dismiss as discussed above. The trial court ordered Appellant's "action be dismissed upon defendant's motion and supporting brief pursuant to title 12, O.S. § 1053..".[3] Appellant moved for reconsideration or a new trial. This appeal is from the trial court's denial of Appellant's motion.

As his first briefed proposition, Appellant contends:

Divorced parents of an unmarried, unemancipated minor child may each bring an individual action for the destruction of the parent/child relationship under Okla. Stat.Tit. 12 § 1055 arising from the wrongful death of their child; and, each action is separate, apart, and independent of the action maintained by the other parent, remaining unaffected by the subsequent appointment of one of the parents as personal representative.

■ The right to sue for wrongful death did not exist at common law, and, as a creature of statute, the right may be exercised only by those persons whom the statutes authorize. *Shawnee Gas & Electric Co. v. Motesenbocker*, 41 Okla. 454, 138 P. 790 (1914). The right to sue for wrongful death as presently contested thus exists only if found within the combined statutory authority of 12 O.S.1981 §§ 1053, 1054 and 1055.[4]

■ Section 1053 provides the basic authority for maintaining an action by the personal representative of one whose death is caused by the wrongful act or omission of another. When no personal representative has been appointed, § 1054 allows the action provided in § 1053 to be brought by the widow, or where there is no widow, by the next of kin of the deceased. Oklahoma's original wrongful death statutes [5] predate statehood, with little substantive change in the initial authorizing language.

Section 1055 [6], which was enacted in 1975, expanded the damages recoverable

1. The petition was filed in the District Court for Tulsa County, Case No. P–90–910. Monte Weavel's appeal of Susan Weavel's appointment as personal representative was dismissed by the Supreme Court as untimely in appellate Case No. 78,922.

2. Susan Weavel's civil action was filed in the District Court for Tulsa County, Case No. CJ–90–5188. That action is also on appeal in a companion case, Case No. 78,826.

3. The record does not reflect that Appellee's codefendants joined in the motion to dismiss. The trial court's Journal Entry of Dismissal states that the matter was before the court on "defendant USFG's Motion to Dismiss". We find the dismissal order was effective only as to Appellee United States Fidelity & Guaranty Company.

4. These sections must be read together. Section 1054 expressly refers back to § 1053. While § 1055 contains no reference to either of the previous two sections, the Supreme Court has held § 1054 applies to determine who are proper parties to bring an action for recovery of damages authorized by § 1055. *Gaither by & through Chalfin v. City of Tulsa*, 664 P.2d 1026 (Okla.1983).

5. St. 1893 §§ 4313, 4314.

6. 12 O.S.1981 § 1055: In all actions hereinafter brought to recover damages for the death of an unmarried, unemancipated minor child, the damages recoverable shall include medical and burial expense, loss of anticipated services and support, loss of companionship and love of the child, destruction of parent-child relationship and loss of monies expended by parents or

for the death of an unmarried, unemancipated minor child. Post-§ 1055, a parent could recover for disruption in emotional and mental well being, as well as the previously allowed pecuniary losses. See, *Gaither by & through Chalfin v. City of Tulsa*, 664 P.2d 1026 (Okla.1983).

In an early interpretation of the statutory language now found in § 1053(A)[7], our Supreme Court found:

> The statute contemplated only one action. No case has been cited or found in which it was held that the cause of action for wrongful death could be divided or damages for the same death could be sued for in separate actions by the various individuals who had sustained damages thereby.

*Shawnee Gas & Electric Co. v. Motesenbocker*, 138 P. at 792.

The Supreme Court reiterated this one action rule in *Cowan v. Atchison, T. & S.F. Ry. Co.*, 66 Okla. 273, 168 P. 1015 (1917), and more specifically held:

> The interest of the father and mother as the next of kin is a joint interest, and they are not entitled to maintain separate actions for damages for the same death.

We are unpersuaded by Appellant's argument that the one action rule has been changed in Oklahoma. In support of his contention, Appellant cites *Gaither by & through Chalfin v. City of Tulsa*, 664 P.2d at 1026.

In *Gaither*, at 1027, the Supreme Court posed the issue presented as:

> ... whether the divorced mother of a deceased minor child may maintain a wrongful death action without joining the natural father or personal representative?

The Supreme Court held the mother could maintain the action independent of the natural father. The Court did not consider whether the natural father could have brought an *additional* action as Appellant

is asserting he has the right to do here. In fact, the opinion there is devoid of any mention of the natural father's intentions with regard to seeking recovery.

The *Gaither* Court did recognize the mother had a personal and independent right to recover for the loss of the child, and that requiring her to bring in the natural father could possibly complicate her attempts to recover. However, the Supreme Court did not hold that the parents' rights could be exercised in separate actions, or that the natural father would be barred from joining the mother's action if he desired to do so.

The Court in *Gaither* merely found the mother had no duty to "seek out and bring in other parties who may or may not have standing". *Gaither*, at 1029. If the Supreme Court modified its previous holdings as to the joint interests of parents, it was only to that limited degree.

We find the long standing rule restricting wrongful death recovery to one action still to be the law in Oklahoma. The benefits to all those entitled under the law to recover must flow from that one action. Because Susan Weavel's action seeking recovery for Shannon Weavel's death was pending when Appellant filed his action against the same defendants, the trial court was correct as a matter of law in dismissing Appellant's action.

Appellant argues in his second briefed proposition that Susan Weavel was estopped from securing appointment as personal representative of Shannon Weavel's estate by her election to pursue an individual action in wrongful death. That question is not properly before this Court.

Susan Weavel's appointment as personal representative arose as a probate matter and was the subject of Monte Weavel's appeal in Case No. 78,922. That appeal was determined by the Supreme Court's order of dismissal dated April 6, 1992. The probate court order appointing Susan

---

guardian in support, maintenance and education of such minor child ...

**7.** 12 O.S.1981 § 1053(A): When the death of one is caused by the wrongful act or omission of another, the personal representative of the for-

mer may maintain an action therefor against the latter, ..., if the former might have maintained an action, had he lived, against the latter, ..., for an injury for the same act or omission.

Weavel personal representative of Shannon Weavel's estates is now final and is beyond our consideration.

The order of the trial court dismissing Appellant's petition is AFFIRMED.

BAILEY, P.J., and HUNTER, J., concur.