Bobbie Jean WEEKS, Appellant,

v.

The CESSNA AIRCRAFT COMPANY, a Corporation; Sky–Craft Aviation, Inc., a Corporation; and Charles Graves and Roger Graves, Individually, in Partnership, and/or d/b/a Sky–Craft Aviation, Appellees.

No. 82047.

Court of Appeals of Oklahoma, Division No. 2.

Dec. 6, 1994.

Rehearing Denied Feb. 6, 1995.

Certiorari Denied April 24, 1995.

Richard D. Gibbon, Richard D. Gibbon and Associates, P.A., Tulsa, for appellant.

Burton J. Johnson, Looney, Nichols, Johnson & Hayes, Oklahoma City, for appellee Sky–Craft Aviation, Inc., Charles Graves and Roger Graves, Individually, in Partnership, and/or d/b/a Sky–Craft Aviation.

Ronald P. Williams, Morrison & Hecker, Wichita, and D. Lynn Babb, Kathleen J. Adler, Pierce Couch Hendrickson, Baysinger & Green, Oklahoma City, for appellee The Cessna Aircraft Co.

## MEMORANDUM OPINION

BOUDREAU, Presiding Judge.

Plaintiff, Bobbie Jean Weeks, appeals an order of the district court granting summary judgment to Defendants, The Cessna Aircraft Company, Sky–Craft Aviation, Inc., Charles Graves and Roger Graves. The trial court dismissed Plaintiff from the suit and denied Plaintiff's request for substitution of the decedent's special administratrix as Plaintiff. In this wrongful death action, the question presented on appeal is whether the trial court erred in denying Plaintiff's motion to substitute the decedent's special administratrix as the real party in interest. Having reviewed the applicable statutes and law, we find that the trial court erred; therefore, we reverse the trial court and remand for further proceedings consistent with this decision.

### I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed this action on January 4, 1993, following the death of her daughter, Helen Martin, in an airplane crash on January 5, 1991. Plaintiff brought the action "individually, on behalf of herself, the estate, and on behalf of the surviving heirs of the Deceased." Prior to filing, Plaintiff waived her right to act as special administratrix. On March 14, 1991, the probate court appointed Linda Hunter, Plaintiff's daughter, as special administratrix of the decedent's estate. Throughout this action the same attorney represented Plaintiff and the estate's special administratrix. Plaintiff alleges that this action was brought in her name individually (rather than in the name of the special administratrix) through mistake or inadvertent error.

Realizing that Hunter, rather than Plaintiff, was the special administratrix of Helen Martin's estate, Defendants moved for summary judgment. Defendants alleged that Plaintiff was not the proper party to bring a wrongful death action under Oklahoma statutes, because a special administratrix had already been appointed. The Defendants also raised the affirmative defenses of failure to state a claim upon which relief can be granted and the statute of limitations.

The trial court agreed, and entered a summary judgment for Defendants in which it dismissed Plaintiff from the action and denied Plaintiff's motion to substitute the special administratrix as Plaintiff. Plaintiff appeals from this judgment.

The status of Linda Hunter as administratrix of the decedent's estate and as the proper person to institute a wrongful death action pursuant to 12 O.S.1991 § 1053 is undisputed. The singular issue on appeal is whether the trial court erred in denying Plaintiff's request to substitute the special administratrix in this wrongful death action.

This presents a question of statutory construction regarding whether substitution of parties normally permitted under 12 O.S. 1991 § 2017 is applicable in a wrongful death action brought pursuant to 12 O.S.1991 §§ 1053, 1054. Statutory construction is an issue of law. Contested issues of law are reviewable in all actions by a de novo standard. An appellate court claims for itself plenary, independent and non-deferential authority to re-examine legal rulings. *Salve Regina College v. Russell,* 499 U.S. 225, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991).

## II. SUBSTITUTION OF PARTIES IN GENERAL

The Oklahoma Pleading Code governs "all suits of a civil nature whether cognizable as cases at law or in equity except where a statute specifies a different procedure." 12 O.S.1991 § 2001. In a normal civil action, without specific statutory procedures, substitution of a plaintiff by the real party in interest is governed by 12 O.S.1991 § 2017, which provides that "[e]very action shall be prosecuted in the name of the real party in interest." When an action is not brought by the proper party, section 2017 provides:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder, or substitution of, the real party in interest; and such ratification, joinder, or substitution *shall have the same effect as if the action had been commenced in the name of the real party in interest.*

12 O.S.1991 § 2017 (emphasis added).

■ Substitution of plaintiffs has been liberally granted in Oklahoma where mistake or inadvertent error has caused the improper party to file an action. *Saint Paul Fire and Marine Insurance Co. v. Spann,* 355 P.2d 567 (Okla.1960). In *Saint Paul Fire,* the court explained that " 'courts should be inclined to disregard subtleties and answer technical objections to the sufficiency of a pleading in an honest effort to determine the real issues on their merits, and to try and do substantial justice to the litigants before

them.' " *Id.* at 570 (quoting *Mostenbocker v. Shawnee Gas & Elec. Co.,* 49 Okla. 304, 152 P. 82, 85 (1915)). Furthermore, " 'where there is no change in the cause of action and the party substituted bears some relation of interest to the original party and to the action, the substitution may be allowed, as where the substitution is of one having the legal right to sue instead of one improperly named as plaintiff.' " *Id.* at 571 (quoting *Dierks v. Walsh,* 196 Okla. 372, 165 P.2d 354 (1946)).

Oklahoma's interpretation of section 2017 is fully consistent with the construction commonly placed on Federal Rule of Civil Procedure 17, from which section 2017 derives. The advisory committee notes to the 1966 amendment to Rule 17 describe the rationale for permitting liberal substitution of the plaintiff for the real party in interest in actions brought under the Federal Rules.

> The provision that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed, after the objection has been raised, for ratification, substitution, etc., is *added simply in the interests of justice.* (Emphasis added).

F.R.C.P. 17, Advisory Committee Notes, 1966 Amendment. The committee notes stress that the provision "is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." *Id.* The committee explains that "the modern function of the rule in its negative aspect is simply to protect the defendant against a subsequent action by the party actually entitled to recover." *Id.* Where the defendant's interests are protected, substitution should be allowed.

Substitution of a plaintiff for the real party in interest would normally be permitted under Oklahoma's section 2017 or Federal Rule 17, where the plaintiff asserts that the error in party name was a mistake and the real party in interest consents to the substitution. However, the case at bar concerns more than a simple substitution of parties; it deals with substitution in an action defined by statute.

It is, therefore, necessary to examine Oklahoma's wrongful death statute to determine whether there are express or implied statutory clauses that prohibit substitution of parties.

## III. SUBSTITUTION OF PARTIES IN WRONGFUL DEATH ACTIONS

Wrongful death actions in Oklahoma are governed by 12 O.S.1991 § 1053. Section 1053 provides that the personal representative of the decedent may maintain an action for wrongful death, and that such action must be commenced within two years. *Id.* In determining who may sue in a wrongful death action section 1053 must be read in conjunction with 12 O.S.1991 § 1054. *Weavel v. United States Fidelity & Guar. Co.*, 852 P.2d 783, 784 (Okla.Ct.App.1992).

■ Section 1054 provides for the circumstance where "no personal representative is or has been appointed." In such cases, "the action provided in [section 1053] may be brought by the widow, or where there is no widow, by the next of kin of such deceased." Sections 1053 and 1054, read together, indicate a hierarchy of persons who may sue in a wrongful death action. First, a personal representative, if appointed, is the proper person to bring suit. But if no personal representative is appointed, then the spouse is the proper person to bring suit. *H.L. Maness Truck Lines v. Lemmons*, 408 P.2d 288, 291 (Okla.1965). The next of kin should bring the action only when there is neither a personal representative nor a spouse.

■ Though sections 1053 and 1054 do not contain express provisions prohibiting substitution of parties, some courts have taken the view that adherence to the hierarchy of persons "who may sue" listed in section 1054 is mandatory, and must be followed before a court may have jurisdiction over a wrongful death action. *Moon v. Ellis*, 677 P.2d 668, 670 (Okla.Ct.App.1984) ("Appellant [daughter] ... did not invoke the jurisdiction of the court as she was not the personal representative or surviving spouse."); *Fletcher v. Amity Care, Inc.*, 810 P.2d 834, 835 (Okla.Ct.App. 1991) ("The next of kin may not bring a wrongful death action when a personal repre-

sentative has been appointed."). These courts conclude that failure of the proper party to file the action prohibits the court from hearing the claim. The only remedy in such a situation is a refiling of the claim with the proper party as plaintiff. If, however, the statute of limitations has run at the time of refiling, the proper party will lose the right to bring the action.

Defendants in this case urge us to adhere to the strict interpretation of "who may sue" in determining whether jurisdiction attaches in a wrongful death action. They argue that, because Plaintiff was not the proper party to bring suit, she must be dismissed from the suit. *Fletcher*, 810 P.2d at 835. They further suggest that the special administratrix cannot be substituted as Plaintiff, because the substitution would occur after the statute of limitations had run, and "an amendment after the running of the period of limitation cannot confer ... jurisdiction and cannot relate back to the filing of the original petition so as to prevent the bar of the statute." *Moon*, 677 P.2d at 670.

■ We agree that, because a special administratrix had been appointed at the time of filing, Plaintiff was not the proper party to bring this wrongful death action. However, we interpret the meaning of the hierarchy of those who may sue in section 1054 differently than Defendants and, therefore, draw a different conclusion regarding the substitution of the proper Plaintiff. We find that the statutory enumeration of the parties eligible to sue in a wrongful death action is intended to address a purely administrative concern— multiplicity of suits. Without a provision designating eligible wrongful death litigants, a defendant could be required to defend against a series of actions brought by hordes of potential beneficiaries. Such a situation would be confusing, would expend valuable resources and would be unfair to the defendant. To avoid such problems, the statute requires that the interests of all beneficiaries be represented by one party who can speak for the beneficiaries and insure proper distribution of any recovered funds. *Shawnee Gas & Elec. Co. v. Motesenbocker*, 41 Okla. 454, 138 P. 790, 792 (1914) ("The statute contemplated only one action. No case has been

cited or found in which it was held that the cause of action for wrongful death could be divided or damages for the same death could be sued for in separate actions by the various individuals who had sustained damages thereby."); *cf. Weavel,* 852 P.2d at 785 ("We find the long standing rule of restricting wrongful death recovery to one action to still be the law in Oklahoma.").

■ We do not believe that administrative requirements for filing a wrongful death action should override the substantive right of recovery of potential beneficiaries. In the spirit of the Oklahoma Pleading Code and the Federal Rules of Civil Procedure, we believe that the interpretation of the statute with regard to substitution of parties should emphasize substance over form. Therefore, we hold that timely filing by any of the enumerated parties "who may sue" will properly commence a wrongful death action. If it transpires that the person who filed did not have the preeminent right to prosecute the action, that person should be substituted by the real party in interest, according to 12 O.S.1991 § 2017, so as to prevent multiplicity of actions.

The decisions in *Moon* and *Fletcher* notwithstanding, our holding permitting substitution of Plaintiffs in wrongful death actions is consistent with previous case law. Substitution of plaintiffs has been previously recognized in Oklahoma.[1] In *Missouri, K. & T. Railway v. Lenahan,* 68 Okla. 73, 171 P. 455, 456 (1917), a widow brought an action for wrongful death in her individual capacity. The supreme court affirmed an amendment which permitted the widow to prosecute the action in her name and in her capacity as the personal representative of the deceased's estate.. In *Ferris v. Jones,* 78 Okla. 154, 189 P. 527, 528 (1920), the plaintiff commenced a suit in her individual capacity, but the Federal Employers' Liability Act required the action to be brought by the personal represen-

tative. The Oklahoma Supreme Court allowed substitution in order to permit the plaintiff to prosecute the action in her representative capacity.

These cases are factually distinct from the case at bar because the plaintiffs either filed in their individual capacities and later became the estate administrators, or were estate administrators at the time of filing, but filed individually by mistake. The cases are important, however, because they indicate that it has been accepted practice in Oklahoma to correct pleading mistakes or inadvertent errors, even in wrongful death actions. We see no prohibition in either the express or the implied intent of section 1054 against extending the kind of substitutions allowed in *Ferris* and *Lenahan* to situations where the action was filed by a party "who may sue," but where a special administrator had already been appointed.

Consequently, we find that it is appropriate to treat substitution of plaintiffs in wrongful death actions just as they would be treated in other civil actions, so long as the filing party is one of the enumerated parties entitled to sue under section 1053. In the case at bar, Plaintiff was not the proper party to bring a wrongful death action, because a special administratrix had been named. But, as directed by section 2017, the trial court should have allowed a reasonable opportunity for substitution of the real party in interest. We find that substitution should be allowed where a mistake caused the improper party to be listed as Plaintiff, where the action was filed within the statutory period, and where the proper party consents to substitution. In accordance with section 2017, the substitution should have the effect of relating back to the filing of the original action.

## IV. CONCLUSION

In conclusion, we find that, although Plaintiff was not the proper person to bring suit (a

---

1. The Oklahoma Supreme Court has even upheld the substitution of defendants in wrongful death actions; such substitutions are potentially much more prejudicial in effect than substitutions of plaintiffs. Defendant substitutions have been allowed even after the statute of limitations had expired and even after judgment had been rendered. *Cartwright v. Atlas Chem. Indus.,* 623

P.2d 606 (Okla.1981) (substitution permitted where a defendant was misidentified, but was otherwise notified of and participated in the action). *See also Harting v. Benham Eng. Co., Inc.,* 490 P.2d 1100 (Okla.Ct.App.1971) (permitting substitution of defendants in a wrongful death action where defendant was misnamed in the petition).

special administratrix having been appointed), her suit nonetheless properly invoked the jurisdiction of the court. We agree with the trial court that Plaintiff should be dismissed from the action, but find that the trial court erred in failing to permit substitution of the special administratrix as Plaintiff. We therefore reverse the trial court's grant of summary judgment, and remand to the trial court for substitution of the special administratrix as Plaintiff.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.

RAPP, J., concurs.

REIF, C.J., concurs specially.

REIF, Chief Judge, specially concurring.

I concur fully with the majority opinion and write specially only to emphasize that there are no jurisdictional impediments to substitution of a personal representative to prosecute a cause of action that is otherwise cognizable and timely filed. In *Missouri, Kansas & Texas Railway Co. v. Wulf,* 226 U.S. 570, 575, 33 S.Ct. 135, 137, 57 L.Ed. 355 (1913), the Supreme Court of the United States upheld the substitution of a personal representative in a Federal Employers Liability Act case that had been originally filed by the parent of the deceased as a wrongful death diversity case. The Supreme Court observed that the case was cognizable from the outset as a FELA action, even though it was pleaded as a wrongful death suit with no mention of FELA and was brought by the parent in her individual capacity. The court approved the later substitution of the personal representative to prosecute the action as required by FELA, despite the fact that the substitution occurred after the running of the statute of limitations. The court held that "[t]he change was in form rather than in substance [and] introduced no new or different cause of action, nor did it set up any different state of facts as the ground of action, and therefore it related back to the beginning of the suit." *Id.* at 576, 33 S.Ct. at 137.

The same can be said of the instant wrongful death case brought by the decedent's parent rather than by the personal representative pursuant to statutory preference. The later substitution of the personal representative will not change the action even though the statute of limitations has passed.