1999 OK CIV APP 28

### The GARDENS AT RIVERMONT, and Industrial Indemnity, Petitioners,

v.

### Patricia VALADEZ–BAIRD and The Workers' Compensation Court, Respondents.

### No. 90,577.

Court of Civil Appeals of Oklahoma, Division No. 2.

Sept. 29, 1998.

Certiorari Denied March 4, 1999.

Michael Mancillas, Mancillas & Avey, Oklahoma City, Oklahoma, for Petitioners.

Nicole Bell, The Bell Law Firm, Norman, Oklahoma, for Respondents.

GOODMAN, P.J.

¶ 1 This is a proceeding to review an order of a Workers' Compensation Court three-judge panel affirming the trial court's award of benefits for a work-related aggravation of the claimant's pre-existing physical condition. Based upon our review of the record and applicable law, we vacate the order, and remand the matter for further proceedings.

I

¶ 2 Claimant Patricia Valadez–Baird filed her Form 3 April 25, 1996, alleging she injured her right knee March 4, 1996, during the course of her employment as a medication aide for employer Gardens at Rivermont. The trial court held a hearing September 4, 1997, on the claimant's request for temporary total disability and permanent partial disability benefits.

¶ 3 The claimant testified that in 1987 she was treated for an injury to her right knee after she had been thrown from a horse. After milking cows at a dairy farm in May 1994, she experienced pain and swelling in the right knee and was prescribed anti-inflammatory medication which she took for "a month or two."

¶ 4 In October 1995, the claimant began working for the employer. She said she occasionally wore a knee brace at work which had been prescribed by a previous doctor. She testified her shift began at 11 p.m., and she and a co-worker from the shift ending at 11 p.m. customarily met in an outdoor patio area to smoke a cigarette and discuss the prior shift. She said she "was doing our [log] books and I was walking [through the patio doors] and my knee locked up and I felt pain." She received medical treatment at a hospital emergency room where she was diagnosed with possible torn ligaments. The hospital provided pain medication and a knee immobilizer. The claimant returned to work two days later, and underwent arthroscopic knee surgery March 14, 1996. Her treating physician released her to return to work May 13, 1996, and she began work as a private

home health aide for an elderly patient. In July 1996, the claimant said she developed back pain radiating to her right hip and later amended her claim to include an alleged back injury. The claimant's patient died in September 1996, and the claimant began working as a day care provider in November 1996, but quit due to unrelated complications with a pregnancy. At the time of trial, she had not returned to work.

¶ 5 The claimant presented the medical report of her expert who concluded that, as a result of her injury of March 4, 1996, the claimant had sustained 45 percent permanent partial impairment to the right leg due to injury to her knee over and above a pre-existing 5 percent impairment, and 20 percent permanent partial impairment to the whole person due to loss of range of motion in the lumbar spine over and above a pre-existing 4 percent impairment. He stated the claimant had been temporarily and totally impaired from March 14, 1996, "until she returned to work in June of 1996." When the court asked for any objection to the report, the employer stated: "As to its competency, I believe on its face it is competent and I would just offer a probative value objection." The court denied the objection.

¶ 6 The employer presented the testimony of two of the claimant's former co-workers to dispute aspects of her testimony. The employer's medical expert concluded the claimant "has sustained five (5) percent permanent partial impairment to the right leg, but this was not caused, aggravated, or accelerated by her above stated employment at Gardens at Rivermont." The expert noted any period of temporary total disability had ended, and the claimant was not in need of further medical care. For historical purposes, the employer also presented medical records which the trial court admitted over the claimant's general, unspecific probative value objection.

¶ 7 In an order filed September 19, 1997, the trial court found the claimant had sustained a compensable "accidental personal injury due to aggravation of pre-existing condition to the right leg (knee)" but had not sustained a work-related injury to her lower back. The court awarded temporary total disability benefits from March 14, 1996, to May 13, 1996, and benefits for 15 percent permanent partial disability to the right leg (knee) over and above a pre-existing 5 percent disability. The employer seeks our review.

II

¶ 8 The employer first contends "the claimant did not meet the causal connection between her injury and risks incident to employment." Quoting *American Management Systems, Inc. v. Burns,* 1995 OK 58, ¶ 5, 903 P.2d 288, 290, the employer states: "The 'arising-out-of-employment' element of the claim requires that an injury be employment-related, as opposed to one stemming from a purely personal risk.... Nothing about walking through patio doors is a risk of the claimant's employment; instead, it is purely personal to the claimant." We agree.

■ ¶ 9 It is fundamental that a compensable work-related injury must both arise out of, and occur in the course of, the worker's employment. 85 O.S. Supp.1997, § 3(10)(a). Whether the evidence satisfies both legal requirements presents an issue of fact to be determined by the trial judge. *Thomas v. Keith Hensel Optical Labs,* 1982 OK 120, 653 P.2d 201. Title 85 O.S. Supp. 1997, § 26(B), dictates that a trial court's findings of fact, and its conclusions of law, "shall be final," *unless* appellate review is sought pursuant to 85 O.S. Supp.1997, § 3.6. On appellate review, the trial court's non-jurisdictional findings of fact may not be disturbed if supported by competent evidence. *Parks v. Norman Mun. Hosp.,* 1984 OK 53, 684 P.2d 548. However, when there is no conflict in the evidence, and no opposite conclusions may be drawn from the undisputed proof, the question is one of law. *Lanman v. Oklahoma County Sheriff's Office,* 1998 OK 37, 958 P.2d 795. We review a trial court's conclusions of law by a de novo standard, applying a plenary, independent, and non-deferential re-examination of the court's legal rulings. *Weeks v. Cessna Aircraft Co.,* 1994 OK CIV APP 171, 895 P.2d 731.

¶ 10 In this matter, it is undisputed that the claimant was engaged in an employment-related review of the log books and a routine

discussion pertaining to the previous shift when she was injured. Thus, at the *"critical moment"* the claimant was injured, that is, "the time, place or circumstances under which the injury [was] sustained [the] *claimant was on a mission for the employer."* *Lanman,* 1998 OK at ¶ 10, 958 P.2d at 799 (footnote omitted). The claimant has therefore satisfied the in-the-course-of-employment requirements for a compensable injury.

¶ 11 The arising-out-of-employment requirement "contemplates a causal relationship between the act engaged in at the time injury occurs and the requirements of employment. *It calls for an assessment of the interplay of risks to determine if the injury for which compensation is sought has the requisite connection to the job.* Oklahoma jurisprudence recognizes three categories of risk associated with injuries claimed to be compensable: (1) those so uniquely associated with employment that they may be regarded as distinctly *employment related;* (2) those *purely personal* to the worker; and (3) those that are *neutral." Lanman,* 1998 OK at ¶ 9, 958 P.2d at 799 (footnotes omitted). Furthermore, "[o]nly injuries having as their source a risk not purely personal but one that is causally connected with the conditions of employment shall be deemed to arise out of the employment." 85 O.S. Supp.1997, § 3(10)(a).

¶ 12 The claimant in this matter encountered the purely neutral risk of walking through patio doors. Her employment did not expose her to a risk of injury *"which exceed[s] the ordinary hazards to which the general public is exposed." Burns,* 1995 OK at ¶ 7, 903 P.2d at 292. No evidence was presented linking the claimant's employment to a heightened risk of injury from the activity in which she was engaged at the time of her injury. Although the claimant was undeniably in the course of her employment at the time of her injury, her injury did not arise out of her employment. While walking through a patio door, the claimant faced no greater risk than that faced by any member of the general public walking through a patio door.

## II

¶ 13 We therefore hold the trial court's order is erroneous as a matter of law. *See, e.g., Odyssey/Americare of Oklahoma v. Worden,* 1997 OK 136, 948 P.2d 309. The order is vacated and the matter is remanded with instructions to deny the claimant's claim, and enter judgment for the employer.[1]

¶ 14 VACATED AND REMANDED WITH INSTRUCTIONS.

TAYLOR, C.J., and BOUDREAU, J., concur.

---

1. The claimant has requested us to tax costs and attorney's fees against the employer, arguing the employer had "no legitimate grounds" for pursuing this review, and the grounds alleged for the review are patently frivolous under the guidelines pronounced in *TRW/Reda Pump v. Brewington,* 1992 OK 31, 829 P.2d 15. In light of our holding, the claimant's request is denied.