1999 OK CIV APP 110

**Freddie E. CLANTON, Petitioner,**

v.

**AMERICAN AIRLINES, Insurance Co. of Pennsylvania, and the Workers' Compensation Court, Respondents.**

No. 92,752.

Court of Civil Appeals of Oklahoma, Division No. 3.

Aug. 27, 1999.

Jack Zurawik, Tulsa, Oklahoma, and John F. Bates, Tulsa, Oklahoma, For Petitioner.

Kimberly E. West, Andrew D. Downing, Tulsa, Oklahoma, For Respondents.

GARRETT, Judge:

¶1 Petitioner, Freddie E. Clanton (Claimant), filed his Form 3 in the Workers' Compensation Court, alleging he sustained an accidental injury arising out of and in the course of his employment with Respondent, American Airlines (Employer), on March 27, 1998.[1] He alleged he injured his left knee, hips and low back when his "leg went out as he stepped onto pallett." He filed a Form 9, requesting authorization for orthopedic treatment.

¶2 On February 26, 1999, the trial court entered an Order Denying Compensability. The trial court found that Claimant's injury occurred while he was talking to a co-employee about overtime. Citing *The Gardens at Rivermont v. Valadez–Baird*, 1999 OK CIV APP 28, 978 P.2d 362 (*Valadez–Baird*), the court found this satisfied the "in the course of employment requirement" because "at the 'critical moment' the claimant was injured, that is, 'the time, place or circumstances under which the injury [was] sustained [the] claimant was on a mission for the employer'." However, the court found the requirement that the injury must "arise out of the employment", which "calls for an assessment of the interplay of risks to determine if the injury for which compensation is sought has the requisite connection to the job", was not satisfied. The court stated:

> THAT the claimant in this matter encountered the purely neutral risk of stepping down off a pallet. His employment did not expose him to a risk of injury which exceeded the ordinary hazards to which the general public is exposed, *Valadez–Baird*,

---

1. The parties later stipulated that the injury date   was March 26, 1998.

*supra.* No evidence was presented which linked the claimant's employment to a heightened risk of injury from the activity in which he was engaged in at the time of his injury, *Valadez–Baird, supra.*

¶ 3 Claimant filed his Petition for Review of the trial court's order. For reversal, he contends:

1. The court erred in holding that Claimant's accident lacked connection to the job.

2. The trial court failed to follow the existing case law regarding injuries on the premises of the employer.

3. The court went beyond finding causation in requiring that the risk be beyond that of the general public when the accident occurs on the employer's premises.

¶ 4 Claimant, a crew chief, testified that he needed to speak to an employee about overtime work. In order to approach the employee, he stepped up on a pallet which was on the floor. He said it was empty and should not have been there. As he stepped down off the pallet, his knee collapsed, he felt and heard his left knee pop, and he felt pain. He fell, but caught himself with the handles of a cart. He did not finish the day. Some employees called the nurse, and he was taken in a wheelchair to the industrial injury counselor. Although he did not think he needed to go to the doctor at that time, his foot began swelling and tingling after he went home. He later requested medical care, and Employer authorized him to go to MedCenter.

¶ 5 Claimant was asked about an automobile accident in 1961, in which he broke his knee, thigh and ankle, and about his knee surgery in 1995. The 1995 surgery was necessary because the cartilage on the inside of his left knee was gone. However, he said that since the 1995 surgery, he had not had knee problems, except for leg pain on the inside of his knee, until the incident on March 26, 1998. He said his doctor told him he hoped the surgery would last the rest of his life, but if it did not, he would need a total knee replacement. No work restrictions were placed on him by his doctor when he was released to return to work after the 1995 surgery.

¶ 6 "Injury" or "personal injury" is defined at 85 O.S. Supp.1997 § 3(10)(a) in the Workers' Compensation Act, as follows:

10. a. "Injury" or "personal injury" means only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally result therefrom and occupational disease arising out of and in the course of employment as herein defined. Only injuries having as their source a risk not purely personal but one that is causally connected with the conditions of employment shall be deemed to arise out of the employment. . . .

¶ 7 Whether an injury arises out of and in the course of a claimant's employment is an issue of fact to be determined by the Workers' Compensation Court and is not to be determined on review proceedings by an appellate court, if there was any competent evidence to support the order. *Stiles v. Okla. Tax Commission,* 1987 OK 85, 752 P.2d 800, citing *Thomas v. Keith Hensel Optical Labs,* 1982 OK 120, 653 P.2d 201; *Pearl v. Associated Milk Producers, Inc.,* 1978 OK 105, 581 P.2d 894.

¶ 8 The trial court found that Claimant's injury did occur in the course of his employment, which describes the time, place and circumstances of the injury. Obviously, he was engaged in a work-related activity. However, the court found the "arising out of the employment" requirement was not met. Therefore, the issue in this review proceeding is whether there is any competent evidence to support the court's finding that the risk of stepping down off a pallet was neutral and, thus, not causally connected to his employment.

¶ 9 In *Lanman v. Oklahoma County Sheriff's Office,* 1998 OK 37, 958 P.2d 795, the court discussed the types of risk involved when determining the "arising out of employment" requirement. The Court defined three types of risk. It said:

The arising-out-of prong contemplates a causal relationship between the act engaged in at the time injury occurs and the requirements of employment. *It calls for an assessment of the interplay of risks to determine if the injury for which compen-*

*sation is sought has the requisite connection to the job.* Oklahoma jurisprudence recognizes three categories of risk associated with injuries claimed to be compensable: (1) those so uniquely associated with employment that they may be regarded as distinctly *employment related*; (2) those *purely personal* to the worker; and (3) those that are *neutral.* An intermixture of employment-related hazards with those that are strangers to the work milieu might be regarded as a fourth category. [Footnotes omitted.] [Emphasis in original.]

¶ 10 In describing "neutral" risks, the *Lanman* Court stated, at footnote 18:

The so-called neutral risks, such as weather conditions, which are neither distinctly occupational nor personal, present fact questions to be resolved in each case. *Thomas, supra* note 3 at 203. [*Thomas v. Keith Hensel Optical Labs,* 1982 OK 120, 653 P.2d 201, 202.]

¶ 11 In the instant case, the "pallet" involved in Claimant's injury was not described as to size, shape or function by Claimant. It is obviously something large enough to step up on. Obviously, an inference arises that it is some kind of equipment used in the performance of Employer's business. Claimant was on a mission for Employer. He was at work on Employer's premises, and was performing his duties as a crew chief at the time of the injury during working hours. Although Claimant was doing the simple act of stepping down off of a pallet at the time, that is not a risk to which the general public would be exposed, but one peculiar to the employment. As a matter of law, under the facts of this case, the trial court's characterization of this risk as "neutral", and not compensable, was not supported by competent evidence. In *Lanman v. Oklahoma County Sheriff's Office, supra,* the court said:

Whether an employee's injury *arises out of or occurs in the course of* employment presents an issue of fact to be determined by the trial judge. Where there is no conflict in the evidence (and no opposite inferences may be drawn from undisputed proof), the question is one of law.

¶ 12 Claimant contends the court should have considered the case law regarding injuries on the premises. Those cases deal with injuries occurring while going to or from work, which occur technically on the employer's premises. There is no question in the instant case that Claimant's injury occurred on the premises, and it was not while he was coming to or going from the workplace. Those cases are distinguishable from the present case.

¶ 13 Findings of fact made by the trial court are binding and conclusive in review proceedings before this Court, unless they lack support in competent evidence. *Parks v. Norman Municipal Hospital,* 1984 OK 53, 684 P.2d 548. The trial court's finding of a "neutral" risk which was not employment-related was not supported by competent evidence. It becomes unnecessary to consider the remaining propositions of error.

¶ 14 The order of the trial court is vacated. Because the trial court determined Claimant's injury did not arise out of his employment, the court made no finding of the extent of Claimant's disability, if any. This case is remanded to the trial court for further proceedings which are consistent with the views expressed herein.

¶ 15 VACATED AND REMANDED.

JOPLIN, J., and BUETTNER, P.J., concur.