2000 OK CIV APP 2

**CITY OF LAWTON, a Municipal Corporation, Appellant,**

v.

**INTERNATIONAL UNION OF POLICE ASSOCIATIONS, LOCAL 24, bargaining agent, and William Mathis, Appellees.**

No. 91,397.

Court of Civil Appeals of Oklahoma, Division No. 4.

Oct. 5, 1999.

Certiorari Denied Dec. 15, 1999.

John H. Vincent City Attorney's Office Lawton, Oklahoma, For Appellant

Alan D. Rosenbaum, Lawton, Oklahoma, For Appellees

## OPINION

GOODMAN, P.J.

¶ 1 Appellant City of Lawton (City) suspended its employee William Mathis (Mathis) for 28 days without pay from August 5, 1996, to September 1, 1996. Mathis is employed by City as a police lieutenant with the Lawton Police Department. Mathis is a member of the International Union of Police Associations, Local 24 (Union). City and Union had a Collective Bargaining Agreement (CBA) in effect which permitted Union members to have their suspensions reviewed by an arbitrator. Mathis chose arbitration.

¶ 2 The arbitrator conducted a hearing July 10, 1997, ruling on September 22, 1997, that Mathis' suspension was improper. The arbitrator found the suspension was in violation of the CBA, and ordered Mathis reimbursed for time and benefits lost during the suspension.

¶ 3 On October 20, 1997, City filed a petition with the Comanche County District Court seeking to vacate the arbitration award as exceeding the scope of the CBA. Union and Mathis each filed an answer denying the award was beyond the scope of the agreement. The trial court ruled in favor of the Union and, in an order filed May 12, 1998, denied City's motion to vacate. City appeals.

### Standard of Review

¶ 4 The facts in this case are undisputed. Where evidence is undisputed, only a question of law is involved, which is reviewable on appeal. *United States Fidelity & Guar. Co. v. Wyer,* 60 F.2d 856 (10th Cir. 1932). Contested issues of law are reviewable in all actions, suits, and proceedings by a de novo standard. *Weeks v. Cessna Aircraft Co.,* 1994 OK CIV APP 171, 895 P.2d 731. Review of law is called "de novo," which means no deference, not necessarily a full rehearing or new factfinding. *Bose Corp. v. Consumers Union of United States, Inc.,* 466 U.S. 485, 104 S.Ct. 1949, 80 L.Ed.2d 502 (1984).

### Issue

¶ 5 City contends the arbitrator used the wrong standard of review, and therefore exceeded its authority, rendering the arbitration award void on its face, and thus reviewable by this court. We first examine the limits of the arbitrator's authority. "An arbitrator's authority and power are both derived from, and limited by the agreement. *Barrentine v. Arkansas–Best Freight System,* 450 U.S. 728, 744, 101 S.Ct. 1437, 1447, 67 L.Ed.2d 641 (1981)." *City of Yukon v. Inter-*

*national Ass'n of Firefighters, Local 2055,*
1990 OK 48, ¶ 11, 792 P.2d 1176, 1180.

### The CBA

¶ 6 Paragraph 5.6(E) of the fiscal year 1995/1996 Collective Bargaining Agreement (CBA) states:

E. With respect to the interpretation, enforcement, or application of the provisions of the agreement, the decision, findings, and recommendations of the arbitrator shall be final and binding on the parties to this Agreement. *The authority and responsibility of the City as provided by the Charter of the City of Lawton shall not be usurped in any manner, unless specifically amended or modified by this agreement.* (Emphasis added.)

¶ 7 Paragraph 2.2 of the CBA states in relevant part:

The City retains the rights in accordance with the Constitution and laws of the State of Oklahoma and responsibilities and duties contained in the Charter of the City of Lawton and the ordinances and regulations promulgated thereunder. No provision of this agreement shall *supersede* any provision of the City Charter. The rights of the City include, but are not limited to the following:

. . . .

G. to suspend, demote, discharge, or take other disciplinary action *for proper cause* against officers of the Police Department. (Emphasis added.)

¶ 8 Article 8, Section 8–1 of City's charter states:

A merit system is hereby established for personnel in the city service. Appointments and promotions in the service of the city shall be made solely on the basis of merit and fitness; and *removals, demotions, suspensions, and layoffs shall be made solely for the good of the service.* . . . (Emphasis added.)

By the clear terms of the CBA, City can agree to modify or amend portions of its charter, but can never agree to supersede the charter. The arbitrator's award specifically found City failed to prove by a preponderance of the evidence the suspension was

for a proper cause, the standard used in paragraph 2.2(G) of the CBA, but did not address the standard set out in the charter, *i.e.,* for the good of the service.

¶ 9 City thus contends the sole issue before this court is which standard the arbitrator was to apply—that found in the CBA, or that found in the city charter? City contends the arbitrator superseded City's charter by using the standard found in the CBA, rather than that found in the charter, thus violating both the charter and the CBA, rendering its decision void.

¶ 10 By casting its argument in this manner, City interprets the terms of the CBA to create a conflict between the provisions of the CBA and the city charter. In other words, City presumes "for the good of the service" and "for proper cause" are different and, therefore, conflicting standards. We disagree and instead interpret the two provisions so as to bring consistency between the CBA and the city charter.

¶ 11 We first begin with the premise that City itself recognized a need to provide some protection to its employees from arbitrary and capricious termination by imposing a standard—for the good of the service—as a bar against unjust termination, and incorporating that protective standard in its charter.

¶ 12 It seems axiomatic that if City terminated an employee without "just cause," such a termination must therefore have been arbitrary and capricious. It follows that if City chooses to deal in an arbitrary and capricious manner with members of its civil service, it cannot possibly be for the good of the service and would be in violation of its own charter. Similarly, if City had just cause to terminate an employee, but chose not to do so, the resulting arbitrary exemption from termination would clearly be contrary to the good of the service. Finally, it seems clear that if City had just cause to terminate an employee, and did so, such termination would be, by definition, for the good of the service. Thus we conclude there is no conflict between the two standards.

¶ 13 The arbitrator's award appears to be based on his interpretation of the "just cause" provision in the CBA and " 'as long as

the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority,' this Court has no power to reverse his decision, even if we were convinced the decision was error." *City of Yukon v. International Assoc. of Firefighters, Local 2055,* 1990 OK at ¶ 17, 792 P.2d 1176, 1181 (quoting *United Paperworkers Internat'l v. Misco,* 484 U.S. 29, 37, 108 S.Ct. 364, 370, 98 L.Ed.2d 286).

¶ 14 We conclude the arbitrator applied the appropriate standard in reviewing the suspension, and was within his scope of authority as defined by the CBA. We hold no error occurred. The district court correctly denied City's motion to vacate the arbitrator's decision.

¶ 15 AFFIRMED.

RAPP, J., and TAYLOR, J., concur.