STAN–AMERICAN OIL COMPANY, a corporation, Plaintiff in Error,

v.

Joe R. ARCHER, Defendant in Error.

L. B. LLOYD, d/b/a L. B. Lloyd and Associates, Plaintiff in Error,

v.

Joe R. ARCHER, Defendant in Error.

Nos. 38183, 38184.

Supreme Court of Oklahoma.

Dec. 23, 1958.

Loeffler, Loeffler & Allen, Bristow, for plaintiff in error, Stan-American Oil Co.

Meacham, Meacham & Meacham, Clinton, for plaintiff in error, L. B. Lloyd.

Wise & Ivester, Sayre, for defendant in error.

JOHNSON, Justice.

This is an appeal from the District Court of Beckham County, Oklahoma, under the provisions of 12 O.S.Supp. § 956.1 et seq.

Plaintiff's petition and exhibits show that Joe R. Archer, d/b/a Archer Well Service

Company, performed labor and furnished certain materials to the defendant, Leon B. Lloyd, on certain oil and gas wells drilled on certain land in Beckham County, Oklahoma, for which he had not been paid. The exhibit material in this case shows that Joe R. Archer duly signed and filed the lien statement for this unpaid indebtedness with the office of the Court Clerk of Beckham County, Oklahoma.

On the 13th day of July, 1956, suit was commenced to recover on the indebtedness and to foreclose the lien. The suit was brought in the name of Joe R. Archer and D. L. Whittington, a co-partnership d/b/a D. & J. Drilling Company. At the trial of the case it was discovered that the lien claim, which was attached to and made a part of the petition, was filed in the name of the Joe R. Archer named in the caption of the petition, and thereupon a motion was filed asking permission of the court to strike the words "D. L. Whittington, co-partner d/b/a D. & J. Drilling Company," asserting that it was Joe R. Archer, the lien claimant, who was the real party plaintiff. The court, over the objection of the defendant, Leon B. Lloyd, and intervening defendant, Stan-American Oil Company, permitted the name of D. L. Whittington, co-partner d/b/a D. & J. Drilling Company, to be stricken, leaving only the name of Joe R. Archer as plaintiff. Thereafter the trial court rendered judgment for the claimed amount due and for foreclosure of the lien.

The intervening defendant, Stan-American Oil Company, and Leon B. Lloyd, d/b/a L. B. Lloyd and Associates, each filed separate appeals in this case with this Court numbered 38,183 and 38,184 respectively. Each appeal involves the same factual matters and legal questions, and we, therefore, consolidate same for the purposes of this opinion, and the cases are considered as one appeal.

The question presented on this appeal is whether the trial court erred in allowing the motion to strike as aforesaid, and in rendering judgment for the foreclosure of the lien.

The defendants contend that the action was fatally defective since its inception, arguing that the D. & J. Drilling Company, a partnership, commenced the action to foreclose a lien which reflected on its face that it was that of another and distinct entity, an individual, Joe R. Archer; that when the case came on for trial, months after the time within which Archer could have instituted an action on his lien claim, the court permitted a substitution of parties who in so far as the action was concerned were strangers to each other; that no transfer, assignment or other succession in interest or priority between the parties has ever been suggested; that an action was simply started by one party, and after service of process, pleading and trial had commenced, a totally new and different plaintiff was substituted; that not only was Joe R. Archer, a stranger to the action, improperly substituted as plaintiff, but that he was permitted to continue an action which showed on its face that he (Joe R. Archer) was barred by the statute of limitations from bringing the action. We do not agree.

It is undisputed that the lien was filed within the four months' period required by statute, 42 O.S.1951 § 142, and that the action for foreclosure of the lien was filed within one year after the lien statement was filed in accord with Sec. 172, 42 O.S. 1951.

Plaintiff Archer contends that under the circumstances of this case the action of the trial court in sustaining his motion to strike was justified under the provisions of 12 O.S.1951 § 317. We agree. This section provides:

"The court, may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when

such amendment does not change substantially the claim or defense; and when any proceeding fails to conform, in any respect, to the provisions of this code, the court may permit the same to be made conformable thereto by amendment."

The petition and lien claim exhibit demonstrated without question that Joe R. Archer was the party in interest. His name was in the caption and he signed his name as owner of the lien claim, which was attached to the petition and made a part of it. The cause of action remained the same and defendants were not deprived of any defense. Under circumstances similar to those herein stated, this Court in construing Sec. 317, supra, has held that a person in being having a legal or beneficial interest in the cause of action, who by inadvertence or mistake brings an action in the name of another person, whether living or dead, may amend to substitute the real party in interest, where the cause of action and defense remain the same. Dierks v. Walsh, 196 Okl. 372, 165 P.2d 354. And in the case of Atlas Assur. Co. of London v. Fairchild, 171 Okl. 609, 43 P.2d 482, 486, wherein an action was commenced on an insurance policy in the name of C. G. Messer, agent for W. A. Fairchild, W. A. Fairchild was the insured under the policy issued by Atlas Assurance Co. In the course of the trial of the case, the court permitted W. A. Fairchild to be substituted as plaintiff instead of C. G. Messer and held that such amendment relates back to the commencement of the action. In holding that such action was not error, this Court said:

" * * * It was not reversible error for the court to permit the amendment to be made and substitute W. A. Fairchild as the plaintiff. This could have been done by just striking the words, 'C. G. Messer, agent for.' That would have left W. A. Fairchild as plaintiff."

For the reasons given herein we find no substantial errors in the action of the trial court in striking unnecessary parties plaintiff.

We deem it unnecessary to cite and distinguish the cases relied upon by the defendants (plaintiffs in error).

Judgment affirmed.