SAINT PAUL FIRE AND MARINE INSURANCE COMPANY, a corporation, Plaintiff in Error,

v.

Orval SPANN and Wanda C. Spann, a copartnership, d/b/a Spann Motor Company, and Donald Kelly, Defendants in Error.

No. 38497.

Supreme Court of Oklahoma.

July 12, 1960.

Rehearing Denied Sept. 27, 1960.

Busby, Stanfield, Deaton & West, Ada, for plaintiff in error.

Kerr, Lambert, Conn & Roberts, by R. Burl Harris, Ada, Goode & Henson, by John L. Goode, Shawnee, for defendants in error.

IRWIN, Justice.

On May 22, 1952, Z. O. Edgin owned a truck which was insured by Saint Paul Fire and Marine Insurance Company, a corporation, plaintiff herein. While the truck was in the joint care, custody, control and possession of defendants, Orval Spann and Wanda C. Spann, a copartnership, d/b/a Spann Motor Company, and Donald Kelly, it was destroyed by fire. The plaintiff paid Edgin for the loss sustained under the insurance policy and took a receipt and assignment of each and all claims and demands against all parties responsible for the destruction of the truck.

On May 21, 1954, Z. O. Edgin, as plaintiff, commenced an action against the defendants for damages occasioned by loss of the truck. On April 23, 1957, and prior to answer by defendants, an amended petition was filed substituting Z. O. Edgin, for the use and benefit of the Saint Paul Fire and Marine Insurance Company, as a party plaintiff. On June 19, 1958, after securing leave of Court, a second amended petition was filed substituting Saint Paul Fire and Marine Insurance Company, a corporation, as party plaintiff. To this amended petition the defendants filed separate demurrers alleging a new cause of action and that the same was barred by the statute of limitations which were sustained by the trial court. From the order sustaining the demurrers, the plaintiff has perfected this appeal. The parties will be referred to as they appeared in the trial court.

### Contentions

Plaintiff contends the suit was commenced in the name of Z. O. Edgin, plaintiff's insured, within the period allowed by the statute of limitations; that the substitution of this plaintiff for Z. O. Edgin, as allowed by the trial court, related back to the commencement of the action; that the amendment to the petition states no new cause of action, but merely states, in slightly different form, the cause of action stated in the original petition.

The defendants contend that Z. O. Edgin, having been fully paid for his loss and having assigned his claim to plaintiff, had no cause of action against the defendants at the time he filed his petition; that the plaintiff herein was the real party in interest and the filing of the action by Edgin who had no cause of action will not toll the statute of limitations and the substitution of the real party in interest does not relate back so as to avoid the statute of limitations.

### Conclusion

Defendants rely on Title 12 O.S.1951 § 221, which provides:

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in this article but this section shall not be deemed to authorize the assignment of a thing in action, not arising out of contract."

This statute, however, in the instant case, must be considered in conjunction with Title 12 O.S.1951 § 317, which provides:

"The court, may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform, in any respect, to the provisions of this code, the court may permit the same to be made conformable thereto by amendment."

In considering this statute, we said in the case of Mostenbocker v. Shawnee Gas & Electric Co., 49 Okl. 304, 152 P. 82, 85, L.R.A.1916B, 910:

" * * * but, keeping in mind the purpose of allowing amendments, and the liberal rule which is evidently prescribed by the statute hereinbefore quoted, courts should be inclined to disregard subleties and answer technical objections to the sufficiency of a pleading in an honest effort to determine the real issues on their merits, and to try and do substantial justice to the litigants before them; and, when this rule is applied, it serves as a complete answer to the contention that a new cause of action is pleaded, to which the statute of limitations may be successfully urged, when a new pleading is filed, curing a defect in the original pleadings, which might have been waived under the terms of our statute, unless urged in the manner pointed out therein. It appears to us that the Legislature has enjoined upon the courts of this state by positive enactment a liberal rule of procedure, authorizing amendments in the furtherance of justice, when same do not substantially change the claim or defense, and we do not think we ought to adopt a policy that would defeat substantial justice by indulging in fine spun theories woven around technical rules of procedure or defects in pleadings that go to the form rather than the substance; * * *".

We have consistently followed the policy outlined above and have always given a liberal construction to the statute. In Missouri, K. & T. Ry. Co. v. Lenahan, 68 Okl. 73, 171 P. 455, we held where a wife sued personally for the wrongful death of her husband, she could amend after the limitation period so as to sue in her legal capacity as a personal representative of decedent's estate. We said there was no difference in the original and amended petition and no miscarriage of justice resulted. In Haught v. Continental Oil Company, 192 Okl. 345, 136 P.2d 691, a husband brought an action for damages to real property jointly owned by him and his wife.

After a demurrer was sustained on the ground that the wife was a necessary party, the husband dismissed his action without prejudice by permission of the Court. In a subsequent action brought by the husband and wife we held the statute of limitation did not run since the cause of action was the same in both cases and for the purpose of enforcing the same right.

In Stan-American Oil Co. v. Archer, Okl., 333 P.2d 527, a lien was filed in the name of Joe R. Archer and D. L. Whittington, d/b/a D. & J. Drilling Company. During the trial, the trial court permitted an amendment substituting Joe R. Archer as the plaintiff. On appeal the defendant contended "that an action was simply started by one party, and after service of process, pleading and trial had commenced, a totally new and different plaintiff was substituted; that not only was Joe R. Archer, a stranger to the action, improperly substituted as plaintiff but that he was permitted to continue an action which showed on its face that he (Joe R. Archer) was barred by the statute of limitations from bringing the action." We held that such action did not substantially change the claim or defense and that such amendment related back to the commencement of the action.

In Dierks v. Walsh, 196 Okl. 372, 165 P.2d 354, an action was filed in the name of a deceased person, a fact not known at the time but before trial Gerald Walsh was substituted as party plaintiff. Judgment was entered in favor of plaintiff and the judgment was affirmed on appeal. Subsequent thereto, the defendants learned the original party was deceased at the time the action was instituted and filed a petition to vacate the judgment, which was denied. On appeal, we held:

"A person in esse, having a legal or beneficial interest in a cause of action, who, by inadvertence or mistake, brings an action in the name of another person, deceased, may amend to substitute the real party in interest. (Title 12 O.S. 1941, § 317) where the cause of action and defense remained the same."

In the body of the opinion, we said:

"\* \* \* In such cases, as was said in Denton v. Stephens et al. supra, it cannot be of the least importance to the defendant whether he is sued in the name of a living or dead person, as in either event he would not be deprived of any defense which he might have to the action. The general rule is: ' \* \* \* where there is no change in the cause of action and the party substituted bears some relation of interest to the original party and to the action, the substitution may be allowed, as where the substitution is of one having the legal right to sue instead of one improperly named as plaintiff.' "

See also Atlas Assur. Co. of London v. Fairchild, 171 Okl. 609, 43 P.2d 482, and American Bank of Enid v. Crews, 191 Okl. 53, 126 P.2d 733.

In 8 A.L.R.2d 51, the author aptly states the general rule as follows:

"As a general rule, either at common law or under statutes not providing expressly that the cause of action may be changed, the question whether an amendment substituting a new plaintiff for the original one will, as regards the statute of limitations, be regarded as the institution of a new action, depends upon whether such amendment will introduce a new cause of action into the case.

"If the substitution of plaintiffs by amendment does not in fact change the claim or cause of action, such amendment relates back to the commencement thereof and the running of the statute of limitations is stopped at that point."

■ The theory of limitation statutes is that a defendant should be given notice within a certain period that he will be called upon to defend a certain action and he should have sufficient notice to inform him as to the nature of the claim so that he will be able to preserve the evidence and prepare adequately. If that is done within the statutory period, then, an amendment after the period, which does not change the operative facts substantially, will not harm the defendant. Our Court has seemed to adopt such theory in determining whether or not an amendment to a petition relates back to the time when an original petition has been filed.

In reviewing the petition and the two amendments we find the only actual change was a substitution of party plaintiff. The allegations with reference to the delivery of the truck to the defendants, Kelly and Spann Motor Company, the negligence of the defendants resulting in the destruction of the truck remain unchanged as does the prayer of the petition. At the time the petition was filed the defendants knew the truck belonging to Edgin was in their possession when it was destroyed by fire; they knew Edgin had been paid by the insurance company and they further knew they had paid out nothing for the loss of the truck and by use of their deductive powers, it was apparent to them that the suit filed in the name of Edgin was for the use and benefit of the insurance carrier. By the substitution of the real party in interest, there was no change in the cause of action; there was no additional responsibility placed on defendants and whatever defense to the cause of action, had it been filed originally in the name of the insurance carrier, remained the same and placed no additional burden on the defendants. The same witnesses and the same record evidence would be used by the defendants, irrespective of which party is the real party in interest and no change in the defense was brought about by substituting the real party in interest.

■ To sustain the contention of the defendants that by substituting party plaintiffs an entirely new cause of action was commenced, would be defeating substantial justice by indulging in fine spun theories woven around technical rules of procedure or defects in pleadings that go to the form rather than the substance. It would be in conflict with the legislative intent whereby it granted the Court authority and power to permit amendments, "before or after judgment, in the furtherance of justice."

We therefore hold where a corporation has a legal or beneficial interest in the cause of action and is capable of bringing the action in its own name, but through mistake or inadvertence, brings it in the name of an individual, under Title 12 O.S.1951 § 317, an amendment substituting the real party in interest as plaintiff is permissible where the cause of action ramains the same and defendants are deprived of no defense; that such amendment relates back to the commencement of the action and the fact that the time within which an original action could have been filed by the proper party has been barred by limitations furnishes no ground for refusing the amendment.

The order of the trial court sustaining the demurrer is reversed and the cause is remanded with directions to vacate the order, reinstate the cause of action and take such further action as may be necessary, consistent with the views herein expressed.

Reversed and remanded with directions.

WILLIAMS, V. C. J., and JOHNSON, BLACKBIRD, JACKSON and BERRY, JJ., concur.