**2003 OK 84**

**John Jerod WATFORD,**
**Plaintiff/Appellant,**

**v.**

**Roger WEST and David West,**
**Defendants/Appellees,**

**and**

**Paul Tinkham and Barbara Tinkham, Individually, and as Parents and Next Friends of Aaron Tinkham, a minor, Defendants.**

**No. 99,126.**

Supreme Court of Oklahoma.

Oct. 14, 2003.

Lynn B. Mares, Brent L. Neighbors, Abel, Musser, Sokolosky, Mares & Kouri, Oklahoma City, OK, for Appellant.

Diane M. Black, Loyal J. Roach, Steven V. Buckman, Buckman & Roach, Tulsa, OK, for Appellees.

SUMMERS, J.

¶ 1 The issue is whether a petition in the District Court may be amended to show the changed status of a plaintiff who was a minor when the suit was begun, but who became of age during its pendency, where the plaintiffs and their attorneys did not correct their petition to show the change until after the statute of limitations had expired. We conclude that under the circumstances here such an amendment should have been allowed, and the case should not have been dismissed.

¶ 2 The parents of John Jerod Watford, a minor child, alleged that he was negligently injured. They filed an action in the District Court styled "John Watford and Jackie Watford Individually and as Parents and Next Friends of John Jerod Watford, a Minor". On December 15, 2000, while the action was

pending, the child attained the age of eighteen years. No filing was made in the District Court to inform the District Court of the child's age or to modify the style of the action.

¶ 3 Plaintiffs dismissed their action without prejudice in June 2001, and then filed it again in June 2002 within the one year allowed by 12 O.S. § 100. When the action was filed the second time the style of the petition was the same as before. Then on August 2 and 12, 2002 Plaintiffs' attorneys, apparently having realized that John Jerod was now a legal adult, filed amended Petitions naming as plaintiffs "John Jerod Watford, John Watford, and Jackie Watford."

¶ 4 Summons issued and defendant, Roger West, was served with a copy of the Second Amended Petition filed August 12th. West then filed a motion to dismiss, and argued that John Jerod Watford's action was untimely-that it had to have been filed by December 15, 2001 to satisfy the applicable statute of limitations. West argued that December 15, 2001 was the date John Jerod turned nineteen years of age, and that 12 O.S.2001 § 96 barred the action as re-filed in June 2002. The District Court granted the motion to dismiss.

¶ 5 Summons issued and a copy of the Second Amended Petition was also served on the defendant, David West. He filed a similar motion to dismiss, and it too was granted by the District Court. John Jerod Watford filed in the District Court a dismissal of his claim against the Tinkham defendants, but appealed the dismissal of his claim against the Wests.

¶ 6 The trial court dismissed the parents' claims, and that dismissal is not challenged in this proceeding. No claim remains pending in the District Court. This Court retained John Jerod Watford's appeal and ordered the parties to file supplemental briefs.

¶ 7 John Jerod was under the age of eighteen years when the alleged injury occurred. By statute, a minor, unless otherwise statutorily specified, is a person under the age of eighteen years. 15 O.S.2001 § 13.[1] Generally, a person under legal disability at the time an action accrues may bring an action within one year after the disability is removed. 12 O.S.2001 § 96.[2] The parties do not dispute the applicability of this statute. They agree that John Jerod was under the age of eighteen years when the action accrued. They differ as to the legal effect of the petition and amended petitions filed in June and August of 2002.

¶ 8 Every action shall be prosecuted in the name of the real party in interest. 12 O.S. 2001 § 2017. No party disputes that John Jerod was a party to the first action.

¶ 9 In *Weeks v. Cessna Aircraft Co.,* 1994 OK CIV APP 171, 895 P.2d 731, (approved for publication by order of the Supreme Court), a parent filed an action on behalf of the estate of her deceased daughter. However, another of her daughters was appointed special administratrix of that estate. The

---

1. *See, e.g.,* 15 O.S.2001 § 13:

   § 13. Minors defined-Computing period of minority
   Minors, except as otherwise provided by law, are persons under eighteen (18) years of age.
   The period thus specified must be calculated from the first minute of the day on which a person is born to the same minute of the corresponding day completing the period of minority.

2. 12 O.S.2001 § 96:

   § 96. Persons under disability in actions other than to recover realty-Exceptions-Personal injury to minor arising from medical malpractice
   If a person entitled to bring an action other than for the recovery of real property, except for a penalty or forfeiture, be, at the time the cause of action accrued, under any legal disability, every such person shall be entitled to bring such

action within one (1) year after such disability shall be removed, except that, after the effective date of this section, an action for personal injury to a minor under the age of twelve (12) arising from medical malpractice must be brought by the minor's parent or guardian within seven (7) years of infliction of the injury, provided a minor twelve (12) years of age and older must bring such action within one (1) year after attaining majority, but in no event less than two (2) years from the date of infliction of the injury, and an action for personal injury arising from medical malpractice to a person adjudged incompetent must be brought by the incompetent person's guardian within seven (7) years of infliction of the injury, provided an incompetent who has been adjudged competent must bring such action within one (1) year after the adjudication of such competency, but in no event less than two (2) years from the date of infliction of the injury.

defendants made their defense based upon there being an improper party plaintiff, failure to state a claim upon which relief may be granted, and a statute of limitations. The trial court denied the plaintiff's motion to substitute the special administratrix as the plaintiff and gave the defendants summary judgment. *Id.* 895 P.2d at 732.

¶ 10 In reversing the trial court's decision on substitution of the plaintiff the appellate court then explained that substitution of parties had been liberally recognized in Oklahoma.

> Substitution of plaintiffs has been liberally granted in Oklahoma where mistake or inadvertent error has caused the improper party to file an action. *Saint Paul Fire and Marine Insurance Co. v. Spann*, 355 P.2d 567 (Okla.1960). In *Saint Paul Fire*, the court explained that " 'courts should be inclined to disregard subtleties and answer technical objections to the sufficiency of a pleading in an honest effort to determine the real issues on their merits, and to try and do substantial justice to the litigants before them.' " *Id.* at 570 (quoting *Mostenbocker v. Shawnee Gas & Elec. Co.*, 49 Okla. 304, 152 P. 82, 85 (1915)). Furthermore, " 'where there is no change in the cause of action and the party substituted bears some relation of interest to the original party and to the action, the substitution may be allowed, as where the substitution is of one having the legal right to sue instead of one improperly named as plaintiff.' " *Id.* at 571 (quoting *Dierks v. Walsh*, 196 Okla. 372, 165 P.2d 354 (1946)).

*Weeks v. Cessna Aircraft Co.*, 895 P.2d at 733.

The court then explained the application of 12 O.S. § 2017:

> Oklahoma's interpretation of section 2017 is fully consistent with the construc-

tion commonly placed on Federal Rule of Civil Procedure 17, from which section 2017 derives. The advisory committee notes to the 1966 amendment to Rule 17 describe the rationale for permitting liberal substitution of the plaintiff for the real party in interest in actions brought under the Federal Rules.

> The provision that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed, after the objection has been raised, for ratification, substitution, etc., is *added simply in the interests of justice.* (Emphasis added).

> F.R.C.P. 17, Advisory Committee Notes, 1966 Amendment. The committee notes stress that the provision "is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." *Id.* The committee explains that "the modern function of the rule in its negative aspect is simply to protect the defendant against a subsequent action by the party actually entitled to recover." *Id.* Where the defendant's interests are protected, substitution should be allowed.

*Weeks*, 895 P.2d at 733

■ ¶ 11 As stated in *Weeks*, the Oklahoma Legislature used Federal Rule 17 when creating 12 O.S. § 2017. The Committee Comment to § 2017 notes that "Subsection A of Section 2017 is identical to Federal Rule of Civil Procedure 17(a) except that the reference to actions brought in the name of the United States in the third sentence of Federal Rule 17(a) is deleted as unnecessary." 12 O.S.A. § 2017 (West 1993).[3] Due to the identical nature of Rule 17(a) and § 2017(a) a federal court construction of that Rule prior

---

**3.** 12 O.S.2001 § 2017(A) states as follows:

A. REAL PARTY IN INTEREST. Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought. No action

shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

to its Oklahoma adoption is informative for our analysis here: [4]

> The purpose of (Rule 17(a)) is to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made. *Thus its main thrust is to allow a correction in parties after the statute of limitations has run, despite the valid objection that the original action was not brought by the real party in interest.*
>
> 3A *Moore's Federal Practice P*, 17.15–1, at 17–182 (2d ed.1979) (footnotes omitted). *See also Audio–Visual Mkt. Corp. v. Omni Corp.*, 545 F.2d 715, 719 (10th Cir.1976); *Unilever (Raw Materials) Ltd. v. M/T Stolt Boel*, 77 F.R.D. 384, 389 (S.D.N.Y. 1977); *American Dredging Co. v. Federal Ins. Co.*, 309 F.Supp. 425, 429 (S.D.N.Y. 1970); *Advisory Committee Notes on the 1966 Amendments*, 39 F.R.D. 69, 84–85 (1966). *The defendants would not be prejudiced in their defense of this action by changing the named plaintiff. They knew the persons and the issues involved before the statute of limitations ran. See Metropolitan Paving Co. v. International Union of Operating Eng'rs*, 439 F.2d 300, 306 (10th Cir.), *cert. denied*, 404 U.S. 829, 92 S.Ct. 68, 30 L.Ed.2d 58 (1971). Moreover, the failure to use Dominga's name in the first place is an understandable and excusable mistake. See *Crowder v. Gordons Transps., Inc.*, 387 F.2d 413, 418–19 (8th Cir.1967). *Cf. Hobbs v. Police Jury*, 49 F.R.D. 176, 180 (W.D.La.1970).

*Garcia v. Hall*, 624 F.2d 150, n. 3, 151 (10th Cir.1980), (emphasis added).

The Tenth Circuit is not alone in explaining that Rule 17 allows substitution of a party although a statute of limitations has run. A well known authority states as follows:

> The final sentence in Rule 17(a) is designed to avoid forfeiture and injustice when an understandable mistake has been made in selecting the party in whose name the action should be brought. *Thus, a correction in parties is permitted even af-*

*ter the statute of limitations governing the action has run.* This provision reflects the general policy of the draftsmen of the federal rules that the choice of a party at the pleading stage ought not have to be made at the risk of a final dismissal of the action should it later appear that there had been an error. In this respect the rule is consistent with the liberal relation back provision in Rule 15(c). *Indeed, Rule 15(c) has been used in conjunction with Rule 17(a) to enable an amendment substituting the real party in interest to relate back to the time the original action was filed. The same result could have been reached solely on the basis of the last sentence in Rule 17(a).*

6A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure*, § 1555. pp. 412–414, (2d ed.1990), (notes omitted).

In 1978 a Tennessee court reviewed the federal rule and its application by federal courts:

> *With respect to the substitution of a plaintiff after the statute of limitations had run,* the Court said:
>
> > "But it has come to be the settled law that where, either by mistake of law or fact, a suit is brought in the name of a wrong party, the real party in interest, entitled to sue upon the cause of action declared on, may be substituted as plaintiff . . . ; but the substitution of the name of the proper plaintiff has relation to the commencement of the suit, and the same legal effect as if the suit had been originally commenced in the name of the proper plaintiff." 102 F.Supp. at 212.

*Chapman v. King*, 572 S.W.2d 925, 928 (Tenn.1978), *quoting, Wallis v. United States*, 102 F.Supp. 211, 212 (E.D.N.C.1951), (emphasis added).

There is simply no doubt that Rule 17(a), and thus our § 2017(a), may apply when adding a plaintiff after a statute of limitations has run.

¶ 12 The inquiry does not end with the literal language of Rule 17. Although Rule 17(a) speaks in broad language, courts have

---

**4.** We have noted that "Where the text of the Federal Rules has been adopted in the Oklahoma Pleading Code, the construction placed on it by federal and state courts should be presumed to have been adopted as well." *Young v. Macy*, 2001 OK 4, n. 8, 21 P.3d 44, 47.

observed that the rule was drafted with some exceptions in mind:

> The Advisory Committee Notes to the Federal rules, with respect to Rule 17(a), are in pertinent part, as follows:
>
> > "The provision that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed, after the objection has been raised, for ratification, substitution, etc., is added simply in the interests of justice.
> >
> > "This provision keeps pace with the law as it is actually developing. *Modern decisions are inclined to be lenient when an honest mistake has been made* in choosing the party in whose name the action is to be filed...."

Although the rule is to be applied liberally, abuses will not be permitted.

> "However, the rule should be applied only to cases in which substitution of the real party in interest is necessary to avoid injustice. Moreover, *the provision is not intended to authorize suits in the name of fictitious parties* in the hope that at a later time the attorney filing the action may discover the real parties to the action."

*Chapman v. King,* 572 S.W.2d 925, 929, *quoting,* Wright and Miller, *Federal Practice and Procedure,* at § 1555, emphasis added.

Consistent with this language in *Chapman,* several courts have used the Advisory Committee's note to Rule 17(a) and said that the Rule "is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." *Wieburg v. GTE Southwest Inc.,* 272 F.3d 302, 308 (5th Cir.2001). *See also, U.S. for Use and Benefit of Wulff v. CMA, Inc.,* 890 F.2d 1070, 1074 (9th Cir. 1989); *Fujimoto v. Au,* 95 Hawai'i 116, 19 P.3d 699, 725. The *Wieburg* court explained:

> In accordance with the Advisory Committee's note, most courts have interpreted the last sentence of Rule 17(a) as being applicable only when the plaintiff brought the action in her own name as the result of an understandable mistake, because the determination of the correct party to bring the action is difficult. *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.,* 106 F.3d 11, 20 (2d Cir.1997) (district court retains discretion to dismiss action where there was no reasonable basis for naming incorrect party); *Feist,* 100 F.Supp.2d at 276 ("Rule 17(a) should not be applied blindly to permit substitution of the real party in interest in every case. In order to substitute the trustee as the real party in interest, Plaintiff must first establish that when he brought this action in his own name, he did so as the result of an honest and understandable mistake."); *Lans v. Gateway 2000, Inc.,* 84 F.Supp.2d 112, 120 (D.D.C.1999) ("it is appropriate to liberally grant leave to substitute a real party in interest when there has been an honest mistake in choosing the nominal plaintiff, meaning that determination of the proper party was somehow difficult at the time of the filing of the suit, or that the mistake is otherwise understandable."), *aff'd,* 252 F.3d 1320 (Fed.Cir.2001); *South African Marine Corp. v. United States,* 640 F.Supp. 247, 254–55 (Ct. Int'l Trade 1986) (Rule 17(a) "should be used to prevent forfeiture and injustice where the determination as to who may sue is difficult").

*Wieburg v. GTE Southwest Inc.,* 272 F.3d at 308.

¶ 13 Honest mistakes often involve the legal status of the plaintiff. For example, in *Lavean v. Cowels,* 835 F.Supp. 375 (W.D.Mich.1993), an action was brought by the daughter of the deceased, but the nature of the proceeding required the personal representative of the estate as the plaintiff, and the daughter did not possess this status at the time of trial. The court cited the U.S. Supreme Court's opinion in *Levinson v. Deupree,* 345 U.S. 648, 73 S.Ct. 914, 97 L.Ed.2d 1319 (1953), where that Court held that an "action commenced by administrator whose appointment was void could be amended, even after statute of limitations had run, to allege effective appointment," and explained that the daughter's subsequent appointment as personal representative would relate back to the filing of her complaint. *Id.* 835 F.Supp. at 388. This language is consistent

with *Weeks v. Cessna Aircraft Co., supra,* where the court explained that the trial court erroneously denied plaintiff's motion to substitute the special administratix as the plaintiff.

 ¶ 14 John Jerod argues that his amended petitions were filed before the defendants were served with process, and that such is allowed by 12 O.S.2001 § 2015(a).[5] He further argues that the cause of action alleged against the defendants in the first action is repeated in the second action, and in the amended petitions filed in the second action. In this regard John Jerod also relies upon 2015(C),[6] and urges that the amended petitions relate back to the original petition in the second action. Defendants in response argue that the causes of action are not identical, because an action filed by parents on behalf of a minor child is not identical to an action filed when that child attains his or her majority. We disagree. This is at most a distinction without a difference. Their focus is on how John Jerod was named as a party, and not upon the occurrence alleged as a basis for his claim.

¶ 15 The defendants argue for dismissal based upon the statute of limitations, and that argument is based upon assertions that John Jerod was not a party to the petition filed in June 2002, because the style of the case named him as a minor. We conclude that in the first petition of the re-filed action the act of naming John Jerod in the same capacity as in the recently dismissed suit was an understandable mistake, and subject to being corrected pursuant to 12 O.S.2001 § 2017(a). We conclude that the District Court erroneously granted the motions to dismiss. We reverse that judgment, and remand the cause for further proceedings consistent with this opinion.

¶ 16 ALL JUSTICES CONCUR.

---

5. 12 O.S.2001 § 2015(A) states in part: "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty (20) days after it is served. Amendments to add omitted counterclaims or to add or drop parties may be made as a matter of course within the time specified above."

6. 12 O.S.2001 § 2015(C)(2) states that an amendment of a pleading relates back to the date of the original pleading when "The claim or defense asserted in the emended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading...."