2017 OK CIV APP 50

**Brandy THOMPSON, Plaintiff,**

**and**

**Preston Thompson, Plaintiff/Appellant,**

**v.**

**Robert Andrew RODRIGUEZ,
Defendant/Appellee.**

**Case No. 114,897**

Court of Civil Appeals of Oklahoma,
Division No. 2.

Filed: 08/25/2017

Mandate Issued: 10/18/2017

William D. Pettigrew, Kelsie J. Lewis, NO-LAND PETTIGREW & LEWIS, P.C., Oklahoma City, Oklahoma, for Plaintiff/Appellant

Amy S. Neathery, Benjamin S. Saunier, PIERCE COUCH HENDRICKSON BAY-SINGER & GREEN, L.L.P., Oklahoma City, Oklahoma, for Defendant/Appellee

OPINION BY JOHN F. FISCHER, PRESIDING JUDGE:

¶ 1 Plaintiff Preston Thompson appeals from the district court's orders dismissing, with prejudice, his small claims action against Defendant Robert Rodriguez and awarding Rodriguez costs and attorney fees. The appeal has been assigned to the accelerated docket pursuant to Oklahoma Supreme Court Rule 1.36(b), 12 O.S. Supp. 2013, ch. 15, app. 1, and the matter stands submitted without appellate briefing. We find that the district court did not err in holding that Preston Thompson's claim was barred by the statute of limitations or in awarding costs and attorney fees. We affirm the judgments.

## BACKGROUND

¶ 2 This action arose from an automobile accident that occurred on January 11, 2008, between vehicles driven by Plaintiff's mother, Brandy Thompson, and Defendant. Plaintiff, who was 10 years old at the time of the accident, was a passenger in his mother's vehicle.

¶ 3 Without filing suit, Brandy Thompson initiated a claim against Defendant's automobile liability insurer for personal injuries and damages she allegedly sustained as a result of the accident. On May 29, 2009, Brandy Thompson settled her individual claim, releasing Defendant from any further liability to her.

¶ 4 On January 20, 2016, Brandy Thompson, through her attorney, initiated this case as a small claims proceeding. See "The Small Claims Procedure Act," 12 O.S.2011 §§ 1751 to 1773. Her attorney prepared and filed a small claims affidavit, using the statutory form required by 12 O.S.2011 § 1753, and listing Brandy Thompson as the sole party plaintiff. The affidavit asserted that Defendant was "indebted to [Brandy Thompson] in the sum of $7,500.00 for past physical pain and suffering, past medical expenses and temporary physical injuries, and lost wages, arising out of a motor vehicle accident." The matter was set for hearing on February 19, 2016. Brandy Thompson was unable to obtain service on Defendant prior to that date and filed an alias affidavit on February 19, asserting identical claims.

¶ 5 Defendant was served with the alias affidavit, and the case was set for hearing on March 17, 2016. On the morning before the hearing, Brandy Thompson's counsel filed an "Amended Affidavit," naming Preston Thompson as an additional plaintiff. Later the same day, Defendant, who was also represented by counsel, filed a motion to dismiss for failure to state a claim on which relief may be granted. Defendant asserted that Brandy Thompson had previously settled her claim and, regardless, any claim she

might have was time barred pursuant to the two-year statute of limitations set forth in 12 O.S.2011 § 95(A)(3). Defendant further asserted that Preston Thompson had turned 19 years old on January 23, 2016, and, therefore, any claim he might have as a result of the January 2008 automobile accident was time barred pursuant to 12 O.S.2011 § 96.[1]

¶ 6 When the parties and their counsel appeared before the court at the hearing on March 17, 2016, they agreed that Brandy Thompson's claims should be dismissed for the reasons set forth in Defendant's motion. The district court then addressed the legal issues each side raised regarding whether Preston Thompson's claim was timely. Defendant reasserted the grounds of his motion and requested the court to dismiss Preston's claim. In response to Defendant's statute of limitations argument, Preston urged the district court to apply the "relation back" provisions of 12 O.S.2011 § 2015(C). He argued that his claim was not time barred because it related back to his mother's initial small claims affidavit filed on January 20, 2016.

¶ 7 The district court found that the Amended Affidavit adding Preston Thompson as a plaintiff was not filed within the applicable limitations period and did not relate back to the original affidavit that his mother had filed as the sole plaintiff. The district court dismissed Preston's claim as barred by the statute of limitations.

¶ 8 Following a subsequent hearing, the district court granted Defendant's motion to tax costs and attorney fees, awarding Defendant $78.40 in costs and a $2,500 attorney fee. Defendant had requested the award pursuant to 12 O.S. Supp. 2013 § 2011.1. The district court entered the award jointly against Plaintiffs, their counsel and counsel's law firm. Preston Thompson appeals.

## STANDARD OF REVIEW

¶ 9 The interpretation of statutes and their application to undisputed facts are legal issues subject to de novo review. *Pan v. Bane*, 2006 OK 57, ¶ 5, 141 P.3d 555 (citing *Manley v. Brown*, 1999 OK 79, 989 P.2d 448). On de novo review, this Court exercises its plenary, independent and non-deferential authority to re-examine the district court's legal rulings. *Kluver v. Weatherford Hosp. Auth.*, 1993 OK 85, ¶ 14, 859 P.2d 1081.

¶ 10 When an attorney fee is imposed as a sanction, the standard of review is abuse of discretion. *State ex rel. Tal v. City of Oklahoma City*, 2002 OK 97, ¶ 2, 61 P.3d 234. To reverse the district court for abuse of discretion, it must be found that the court made a clearly erroneous conclusion and judgment, against reason and evidence. *Broadwater v. Courtney*, 1991 OK 39, ¶ 7, 809 P.2d 1310 (citing *Abel v. Tisdale*, 1980 OK 161, 619 P.2d 608).

## ANALYSIS

I. The Statute of Limitations Issue

¶ 11 There is no transcript or approved narrative statement detailing what transpired at the hearing. However, in addition to the ruling of the district court, the journal entry of judgment recites the procedural history of the case and certain events of the March 17 hearing. According to the journal entry, the parties' counsel had a telephone conversation at about 3:30 p.m., on the afternoon before the March 17 hearing. During that conversation, Plaintiffs' counsel informed Defendant's counsel that she had filed an "amended alias affidavit" earlier in the day, adding Preston Thompson as a plaintiff. Defendant's counsel responded that he would be seeking a dismissal and offered to continue the hearing to allow Plaintiffs to file a response brief. Plaintiffs elected to proceed with the scheduled hearing, and Defendant filed his motion and faxed it to Plaintiffs' counsel at 4:40 p.m.

---

1. "Minors, except as otherwise provided by law, are persons under eighteen (18) years of age." 15 O.S.2011 § 13.1. "Generally, a person under legal disability at the time an action accrues may bring an action within one year after the disability is removed." *Watford v. West*, 2003 OK 84, ¶ 7, 78 P.3d 946. Title 12 O.S.2011 § 96 provides, in pertinent part: "If a person entitled to bring an action other than for the recovery of real property, except for a penalty or forfeiture, be, at the time the cause of action accrued, under any legal disability, every such person shall be entitled to bring such action within one (1) year after such disability shall be removed . . . ."

¶ 12 During the March 17 hearing, the district court found, and the parties agreed, that Brandy Thompson's claims were barred pursuant to the release and settlement agreement she executed in 2009 and the applicable statute of limitations. Preston Thompson argued that amendment of his mother's January 20, 2016 small claims affidavit to add him as a plaintiff was permissible pursuant to 12 O.S.2011 § 2015, as no responsive pleading had been filed by Defendant prior to the amendment, and his claims arose from the same conduct and occurrence as the claims his mother had asserted. However, Defendant argued, and the district court concluded, that section 2015 was not applicable and Preston could not rely on its provisions to save his claim.[2] For the following reasons, we find that the district court did not err in determining that Plaintiff's action was barred by the statute of limitations.

¶ 13 First, Preston and his mother elected to file suit on the small claims docket. The Small Claims Procedure Act, 12 O.S.2011 §§ 1751 to 1773, "provides an informal procedure 'to facilitate the access of parties to simple, inexpensive and speedy justice.'" *Patterson v. Beall*, 2000 OK 92, ¶ 8, 19 P.3d 839 (quoting *Johnson v. Scott*, 1985 OK 50, ¶ 13, 702 P.2d 56). Because small claims actions are subject to "a particular procedure," they are not governed by the Oklahoma Pleading Code. *Patterson*, 2000 OK 92, n.3, 19 P.3d 839.

¶ 14 Preston argues, nonetheless, that he is entitled to the benefit of the "relation back" provisions found in 12 O.S.2011 § 2015, a pleading code statute governing amended and supplemental pleadings. Title 12 O.S. 2011 §. 2015(C) provides, in pertinent part:

C. RELATION BACK OF AMENDMENTS. An amendment of a pleading relates back to the date of the original pleading when:

1. Relation back is permitted by the law that provides the statute of limitations applicable to the action; or

2. The claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; or

3. The amendment changes the party or the naming of the party against whom a claim is asserted if paragraph 2 of this subsection is satisfied and, within the period provided by subsection I of Section 2004 of this title for service of the summons and petition, the party to be brought in by amendment:

a. Has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

b. Knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. . . .

Preston Thompson's reliance on section 2015 is misplaced. His argument overlooks the clear and specific provisions of the Small Claims Procedure Act.

¶ 15 After a plaintiff has filed the small claims affidavit initiating the lawsuit, the Act prohibits joinder of new parties and prohibits other parties from intervening in the action. 12 O.S.2011 § 1760. *See Patterson*, 2000 OK 92, ¶12, 19 P.3d 839. The district court did not err in determining that the Amended Affidavit adding Preston Thompson as a plaintiff did not relate back to the date of his mother's original small claims affidavit for statute of limitations purposes.

¶ 16 After Preston Thompson turned 18 years old and had the capacity to bring suit, it was necessary for him to pursue his own tort claim against Defendant. Because he was an adult on January 20, 2016, his mother could not bring suit on his behalf. The small claims affidavit Brandy Thompson filed on January 20, 2016, did not prevent the statute of limitations from running on Preston Thompson's separate and independent claim.

---

2. When the parties in a small claims proceeding raise or invoke dispositive legal rules in their presentation to the district court, it is proper for the court to apply that law and decide the case on the legal theories raised by the parties. *Kimble v. Kimble*, 2011 OK 85, ¶¶ 11–12, 264 P.3d 1229.

## II. Attorney Fees and Costs

¶ 17 Oklahoma courts are committed to the American Rule. Pursuant to the American Rule, each litigant is responsible for paying their own legal representation, and the district court lacks authority to award attorney fees in the absence of a specific statute or contract allowing for their recovery. *State of Oklahoma ex rel. Tal v. City of Oklahoma City*, 2002 OK 97, ¶ 16, 61 P.3d 234. Regarding attorney fees, the Small Claims Procedure Act provides: "Any statute providing for an award of attorney fees shall be applicable to the small claims division if the attorney makes an appearance in the case, whether before or after judgment or on hearing for disclosure of assets." 12 O.S.2011 § 1764 (amended by Laws 2017, SB 661, ch. 389, § 4, eff. November 1, 2017).

¶ 18 In actions not arising out of contract, 12 O.S. Supp. 2013 § 2011.1 provides a statutory basis for the award of attorney fees and reimbursement of reasonable costs. The attorney fees and costs are imposed as a sanction against the nonprevailing party for filing a lawsuit that the district court determines was frivolous.

> In any action not arising out of contract, if requested the court shall, upon ruling on a motion to dismiss an action or a motion for summary judgment or subsequent to adjudication on the merits, determine whether a claim or defense asserted in the action by a nonprevailing party was frivolous. As used in this section, "frivolous" means the claim or defense was knowingly asserted in bad faith or without any rational argument based in law or facts to support the position of the litigant or to change existing law. Upon so finding, the court shall enter an order requiring such nonprevailing party to reimburse the prevailing party for reasonable costs, including attorney fees, incurred with respect to such claim or defense. In addition, the court may impose any sanction authorized by Section 2011 of [this title].

*Id.* (footnote omitted). *See also* 12 O.S.2011 § 1765 ("The prevailing party in a small claims action is entitled to costs of the action . . .").

¶ 19 Review for abuse of discretion in this case must focus on what occurred as part of the small claims hearing and the subsequent hearing on Defendant's motion for attorney fees and costs. We note that in support of his motion for attorney fees and costs, Defendant pointed to certain admissions made by Plaintiffs' counsel during the small claims hearing: (1) Plaintiffs' counsel admitted to the Court that she knew, prior to signing and filing the Affidavit, Alias Affidavit and Amended Affidavit that Brandy Thompson's claims were barred by the statute of limitations and her execution of a release and settlement agreement; and (2) Plaintiffs' counsel admitted to the Court that she added Preston Thompson to the Amended Affidavit despite knowing that the statute of limitations on his claim had already run. These admissions would satisfy the section 2011.1 requirement that Plaintiffs' claims were "knowingly asserted . . . without any rational argument based in law or facts to support [their] position." But, as previously noted, there is no transcript of the small claims hearing. There is no transcript of the attorney fee hearing either. And Preston Thompson has not provided this Court with an approved narrative statement in lieu of a transcript.

¶ 20 The burden to provide a record demonstrating alleged error falls directly and solely on the appellant. *Hamid v. Sew Original*, 1982 OK 46, 645 P.2d 496. This Court will presume the district court's decision on the sanction question is legally correct unless the record demonstrates otherwise. *State of Oklahoma ex rel. Tal v. City of Oklahoma City*, 2002 OK 97, ¶ 3, 61 P.3d 234. Preston Thompson has failed to provide a record demonstrating that the district court abused its discretion in its award of attorney fees and costs to Defendant pursuant to 12 O.S. Supp. 2013 § 2011.1. That failure prevents us from disturbing the district court's decision on the issue. *Id.*

## CONCLUSION

¶ 21 Plaintiff Preston Thompson reached the age of majority on January 23, 2015. Pursuant to 12 O.S.2011 § 96, he was required to file his tort action against Defen-

dant within one year from that date, or his claim would be time barred. Preston Thompson filed his claim on March 16, 2016. The district court did not err in determining that Plaintiff Preston Thompson's claim was barred by the statute of limitations and that his untimely small claims affidavit did not relate back to the earlier affidavit his mother had filed on her own behalf. Plaintiff has failed to demonstrate, by the record, that the district court abused its discretion in finding this action frivolous and awarding attorney fees and costs to Defendant pursuant to 12 O.S. Supp. 2013 § 2011.1. Accordingly, we affirm.

¶ 22 AFFIRMED.

RAPP, J., and GOODMAN, J., concur.