OSCN Found Document:JONES v. STALICK

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 







 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 JONES v. STALICK
2017 OK CIV APP 67
Case Number: 115900
Decided: 11/07/2017
Mandate Issued: 12/05/2017
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2017 OK CIV APP 67, __ P.3d __

 

SHIRLEY L. JONES, BARBARA PETTY, AND LAWRENCE MERL SCHMOE, Plaintiffs/Appellants,
v.
GARYANNA STALICK, LILA BROWNING AND DEBRA HAZELETT, Defendants/Appellees, and
Grayhorse, Inc., an Oklahoma Corporation, Nominal Defendant,

Annette Smith and Terry Schmoe, Third-Party Defendants.

APPEAL FROM THE DISTRICT COURT OF
SEMINOLE COUNTY, OKLAHOMA

HONORABLE TIMOTHY OLSEN, JUDGE

AFFIRMED IN PART; REVERSED IN PART AND REMANDED

Johnny G. Beech, M. Hossein Farzaneh, SPENCER, FANE, L.L.P., Oklahoma City, Oklahoma, for Plaintiffs/Appellants,

Richard E. Butner, Rhett Butner, Wewoka, Oklahoma, for Defendants/Appellees.

ROBERT D. BELL, JUDGE:

¶1 Plaintiffs/Appellants, Shirley L. Jones, Barbara Petty and Lawrence Merl Schmoe, brought this action against Defendants/Appellees, Garyanna Stalick, Lila Browning and Debra Hazelett, to recover mineral interests and punitive damages. Plaintiffs alleged the theories of constructive trust, slander of title, fraud, deceit and conspiracy to commit fraud. The mineral interests were previously owned by Tracie Schmoe, deceased. Tracie was Lawrence's mother. Lawrence assigned his mineral interests to his daughters, Shirley and Barbara, and he was later added as a necessary party-plaintiff for the fraud-related claims. Garyanna and Lila are Tracie's daughters. Debra Hazelett, is Lila's daughter. Garyanna and Lila assigned their mineral interests to Debra.

¶2 Plaintiffs sought to recover the minerals from Debra, who holds legal title to same. Plaintiffs also sought damages for the fraud perpetrated by Defendants when they filed affidavits of heirship claiming to be Tracie's sole heirs. The trial court held that as a matter of law, Shirley and Barbara lacked standing to pursue the fraud claims because Defendants filed the affidavit of heirship when Lawrence held the mineral interest and Lawrence cannot assign his tort claims to his daughters. The court also held Lawrence cannot lodge a fraud claim against Defendants because he failed to file an amended petition prior to the court-imposed deadline for filing pleadings. The trial court granted partial summary judgment to Defendants and dismissed the fraud-related claims. After de novo review of the record, we affirm the trial court's partial summary judgment dismissing Shirley's and Barbara's tort claims. We reverse the dismissal of Lawrence's tort claims and remand this matter for further proceedings.

¶3 On May 2, 1994, Tracie Schmoe died seized with mineral interests in Seminole County. Tracie was survived by her five children, Lawrence, Garyanna, Lila, Russell Schmoe (now deceased and survived by third party defendants), and Ray Othel Schmoe (now deceased without surviving children). On January 8, 2010, Garyanna and Lila filed affidavits of heirship representing that they and the Estate of Ray Schmoe were Tracie's sole heirs. Barbara claimed that on August 31, 2012, she first discovered the affidavits of heirship. Garyanna and Lila then transfered their interests in the minerals to Debra. On September 10, 2012, Lawrence filed an affidavit of heirship delineating all of Tracie's heirs. On April 15, 2013, Lawrence, who is in his nineties, assigned his mineral interests to his daughters. Shirley and Barbara filed this lawsuit, including, inter alia, a claim for fraud. On March 22, 2016, the trial court issued an unopposed order finding Lawrence was a necessary party and allowing his joinder as a Plaintiff. Lawrence never filed a petition in the proceeding. Notwithstanding, the parties and the trial court treated Lawrence as a Plaintiff.

¶4 On November 21, 2016, Defendants filed an alias pre-trial disclosure, wherein they moved for a summary judgment dismissing the fraud claims. Defendants argued:

DEFENDANTS are not asking this Court to dismiss the fraud claim and supersede [sic] the province of a jury but to make a LEGAL FINDING that the claim has been assigned and it cannot be pursued by the ASSIGNEES [Shirley and Barbara].

(Captalization in the original). The trial court dismissed Shirley's and Barbara's fraud claims for lack of standing. It also dismissed Lawrence's fraud claims because he never filed a petition alleging fraud within the court-imposed deadline for filing pleadings. The trial court denied Lawrence's unopposed motion to file an amended petition. Plaintiffs now appeal.

¶5 Shirley and Barbara have claims remaining against Defendants. Thus, the trial court certified this interlocutory order for immediate appeal under 12 O.S. 2011 §994. This appeal stands submitted for accelerated appellate review on the trial court record under Rules 4 and 13, Rules for District Courts of Oklahoma, 12 O.S. Supp. 2013, Ch. 2, App., and Rule 1.36, Oklahoma Supreme Court Rules, 12 O.S. Supp. 2013, Ch. 15, App. 1. An order granting summary disposition disposes solely of questions of law and therefore it is reviewable by a de novo standard. Andrew v. Depani-Sparkes, 2017 OK 42, ¶27, 396 P.3d 210.

¶6 For reversal, Plaintiffs alleged several propositions of error. We find one to be dispositive. In the proceeding below, the trial court held Lawrence is the proper plaintiff for the fraud claims and the court allowed his joinder as a necessary party-plaintiff. Nevertheless, Plaintiffs did not move to substitute Lawrence in his daughters' place with respect to the existing fraud-related claims. On the eve of trial, the trial court decided Lawrence should have filed his own petition alleging the fraud claims. Because Lawrence did not file a pleading and the deadline for filing pleadings passed, the trial court dismissed Lawrence's fraud-related claims.

¶7 On appeal, Plaintiffs contend the trial court erred when it dismissed Lawrence's fraud-related claims. They point out Lawrence was added as a necessary party-plaintiff; thus, the trial court should have automatically substituted Lawrence in his daughters' place for the fraud-related claims. Oklahoma law supports Plaintiffs' contention. As a joined party-plaintiff, Oklahoma law treats Lawrence, the real party in interest for the fraud-related claims, as if he had initially prosecuted the action. See 12 O.S. 2011 §2017(A). Section §2017(A) states:

Every action shall be prosecuted in the name of the real party in interest. . . . No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

"Substitution of plaintiffs has been liberally granted in Oklahoma where mistake or inadvertent error has caused the improper party to file an action." Weeks v. Cessna Aircraft Co., 1994 OK CIV APP 171, ¶7, 895 P.2d 731. "[W]here there is no change in the cause of action and the party substituted bears some relation of interest to the original party and to the action, the substitution may be allowed, as where the substitution is of one having the legal right to sue instead of one improperly named as plaintiff." Saint Paul Fire and Marine Ins. Co. v. Spann, 1960 OK 167, ¶10, 355 P.2d 567 (quotation omitted).

¶8 In the present case, there is no change in the cause of action because Lawrence's daughters made the claim for punitive damages under the fraud-related theories and the loss claimed by Lawrence is the same as the loss claimed by his daughters. Next, Lawrence obviously bears some relation of interest to the original parties. Finally, Defendants admitted Lawrence is the party with the legal right to sue for the fraud related claims instead of his daughters. Accordingly, we hold the trial court should have treated Lawrence as a substituted plaintiff in place of his daughters with regard to the fraud-related claims. We therefore hold the trial court erred when it dismissed Lawrence's fraud-related claims.

¶9 Because we hold in this manner, we find it unnecessary to address the remainder of Plaintiffs' propositions of error. The portion of the trial court's summary judgment dismissing Shirley and Barbara's fraud-related claims is affirmed. The portion of the trial court's order dismissing Lawrence's fraud-related claims is reversed and this matter is remanded for further proceedings.

¶10 AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

GOREE, P.J., and JOPLIN, J., concur.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1994 OK CIV APP 171, 895 P.2d 731, 66 OBJ 1695, Weeks v. Cessna Aircraft Co.
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1960 OK 167, 355 P.2d 567, SAINT PAUL FIRE AND MARINE INSURANCE CO. v. SPANN
Discussed
 2017 OK 42, 396 P.3d 210, ANDREW v. DEPANI-SPARKES
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 994, Procedure When There is More Than One Claim or Party - Final Judgment
Cited
 12 O.S. 2017, Parties Plaintiff and Defendant - Capacity
Cited